IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALMA T. McBROOM,
    Plaintiff,

v.

Civil Action No.:
2:06cv767-F

JOHN E. POTTER, POSTMASTER
GENERAL UNITED STATES POSTAL
SERVICE; NATIONAL POSTAL
MAIL HANDLERS UNION;
THE MONTGOMERY ALABAMA
AREA LOCAL ALABAMA POSTAL
WORKERS UNION, AFL-CIO; and
VANESSA GORDON..

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

This civil action is for compensatory and punitive damages, to enforce the right of the Plaintiff not to be deprived of his property without being accorded the procedural protections guaranteed by the Fourteen Amendment to the Constitution of the United States.

### II. JURISDICTION

1. The jurisdiction of this Court is invoked under Title 28 of the United States Code, Section 1339.

### III. PARTIES

2. The Plaintiff, Alma T. McBroom, is over the age of 19 years and a resident of Montgomery County, Alabama. She brings this suit in her own behalf.

3. The Defendant, John Potter, is the Postmaster General of the United States Postal Service, (hereinafter, "postal service") and in his capacity as such, is responsible for the actions

of his employees including Jimmy R. Hughes who signed the "Notice of Removal" and the other postal employee who supervised Plaintiff's claim for continuation of pay.

4. The Defendant, National Postal Mail Handlers Union (hereinafter referred to as "NPMHU") whose headquarters are located in the City of Washington, District of Columbia and the Montgomery Alabama Area Local Alabama Postal Workers Union (hereinafter referred to as "local union") is a branch of NPMHU. NPNHU is ultimately responsible for enforcement of the Collective Bargaining Agreement and the Constitution of the Union of which Plaintiff was a member.

5. Vanessa Gordon was the shop Steward of the local union located in Montgomery, Alabama, when Plaintiff filed a grievance with the local union concerning the handing of her claim for compensation from the postal service.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff, Alma T. McBroom, was formerly employed as a Window and Distribution Clerk with the postal service, and was stationed in Montgomery, Alabama.

7. Plaintiff while on duty on or about August 2, 2003, injured her back with said injury being later determined to be consistent with lifting and bending. As per the postal service regulations, Plaintiff filed a "Traumatic Injury and Claim for Continuation of Pay/Compensation which was accepted by Office of Worker's Compensation (OWCP). Plaintiff was issued a "Notice of Removal" from her position as a window and distribution clerk by the postal service that was signed by Jimmy R. Hughes, which in effect terminated her employment with the postal service.

8. Because of the injury, Plaintiff was not able to work and since September 2003, and she was not compensated by the postal service even though she filed the proper documents with the postal service and other appropriate entities.

9. Plaintiff after her compensation was terminated filed a grievance with the local union, and was informed by the then shop steward of the local union, Vanessa Gordon, that the grievance would be filed. On or about March 30, 2006, Plaintiff discovered that the grievance had not been filed.

## V. CAUSES OF ACTION

### CLAIM AGAINST THE POSTAL SERVICE

10. Plaintiff avers that the refusal of the postal service to compensate her for the time while she was unable to work and pending the outcome of her application for disability deprived her of her property without being accorded the procedural protections guaranteed by the United States Constitution.

11. Plaintiff avers that as a direct and proximate result of the postal service's refusal to compensate her while she was awaiting the determination of her disability claim caused her to suffer economic and other losses.

WHEREFORE, Plaintiff requests that:

a. The Court grant Plaintiff a judgment against the postal service for $300,000.00 as damages, plus the amount of compensatory damages, together with such other relief as the court deems appropriate;

b. The Court awards the Plaintiff costs and such other and further relief as appears just and equitable under the circumstances.

## CLAIMS AGAINST DEFENDANTS NPMHU, THE MONTGOMERY ALABAMA AREA LOCAL ALABAMA POSTAL WORKERS UNION, AFL-CIO; VANESSA GORDON

12. Plaintiff was a member of the NPMHU and employed as a Window and Distribution Clerk with the postal service. At all times material to this complaint Plaintiff was a member of the local union when she filed a grievance regarding her complaint against the postal service.

13. Defendant Vanessa Gordon, who was the shop steward of the local union which is a member of the NPMHU, who at all times material hereto, was the collective bargaining agent for employees, including the Plaintiff, of the postal service, designated as such by election or appointment pursuant to recognition by her employer as provided by law assured Plaintiff that the grievance would be processed in a timely manner.

14. On or about March 30, 2006, Plaintiff discovered that the local union did not pursue her claim.

15. The failure of the local union to pursue the grievance constituted a breach of the of the local union's duty to Plaintiff.

WHEREFORE, Plaintiff demands:

a. Judgment against the Defendant Union and its representatives for $300,000.00 together with interest and;

b. An award of costs of this action.

c. An award of punitive damages in an amount deemed just and proper by a jury.

ALMA T. McBROOM
921 HUGH STREET
MONTGOMERY, ALABAMA 36108
334-832-9110

Plaintiff demands a trial by jury.

ALMA T. McBROOM