THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA T. McBROOM, )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>JOHN E. POTTER, POSTMASTER )<br>GENERAL UNITED STATES POSTAL )<br>SERVICE; AMERICAN POSTAL )<br>WORKERS UNION, AFL-CIO; THE )<br>MONTGOMERY ALABAMA AREA )<br>LOCAL ALABAMA POSTAL )<br>WORKERS UNION, AFL-CIO; and )<br>VANESSA GORDON, )<br>)<br>    Defendants ) | Civil Action No.: 2:06 CV 767-F |

**ANSWER OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO**

The American Postal Workers Union, AFL-CIO ("APWU") answers the Amended Complaint as follows:

**I.    NATURE OF THE CASE**

The first paragraph of the Amended Complaint is not numbered. This paragraph contains legal conclusions that do not need an answer. To the extent that an answer is required, APWU denies the allegations contained in this first unnumbered paragraph.

**II.    JURISDICTION**

1.    Paragraph 1 of the Amended Complaint contains legal conclusions that do not need an answer. To the extent that an answer is required, APWU denies the allegations contained in Paragraph 1.

### III.     PARTIES

2.     APWU denies information or knowledge to form a belief as to the truth or falsity of the allegation contained in Paragraph 2 of the Amended Complaint, that the plaintiff is over the age of 19 years and is a resident of Montgomery County, Alabama, and consequently denies that allegation.

3.     APWU admits, in Paragraph 3 of the Amended Complaint, that John E. Potter is the Postmaster General of the United States Postal Service. APWU denies information or knowledge to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 3, and consequently denies that allegation.

4.     APWU admits that its principal offices are located at 1300 L Street, NW, Washington, DC 20005. The APWU avers that it is an unincorporated labor organization which is recognized pursuant to 39 U.S.C. § 1203 as the exclusive collective bargaining representative nationwide of postal employees who are postal clerks, maintenance employees and motor vehicle employees. APWU denies that defendant "Montgomery Alabama Area Local Alabama Postal Workers Union" is a branch of the APWU. APWU avers that defendant Montgomery Alabama Area Local, American Postal Workers Union, AFL-CIO is a fully autonomous body affiliated with the APWU with its principal offices in Montgomery, Alabama. APWU avers that it is responsible for the enforcement of its own constitution. APWU admits that Plaintiff was a member of the APWU until approximately early October of 2004. The APWU denies all other factual allegations of paragraph 4 of the Amended Complaint.

5.     APWU denies information or knowledge to form a belief as to the truth or falsity of the allegation contained in Paragraph 5 of the Amended Complaint, and consequently denies

that allegation.

## VI.    FACTUAL ALLEGATIONS

6.    APWU admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.    APWU denies information or knowledge to form a belief as to the truth or falsity of the allegation contained in Paragraph 7 of the Amended Complaint, and consequently denies that allegation.

8.    APWU denies information or knowledge to form a belief as to the truth or falsity of the allegation contained in Paragraph 8 of the Amended Complaint, and consequently denies that allegation.

9.    APWU denies information or knowledge to form a belief as to the truth or falsity of the allegation contained in Paragraph 9 of the Amended Complaint, and consequently denies that allegation.

## V.    CAUSES OF ACTION

### CLAIM AGAINST THE POSTAL SERVICE

10.    Paragraph 10 of the Amended Complaint contains legal conclusions that do not need an answer.  To the extent that an answer is required, APWU denies the allegations contained in Paragraph 10.

11.    Paragraph 11 of the Amended Complaint contains legal conclusions that do not need an answer.  To the extent that an answer is required, APWU denies the allegations contained in Paragraph 11.

a.    APWU asserts that Paragraph "a" of subsection V "Claim Against the Postal

Service" of the Amended Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

  b.  APWU asserts that Paragraph "b" of subsection V "Claim Against the Postal Service" of the Amended Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

  **CLAIMS AGAINST THE DEFENDANTS APWU, THE MONTGOMERY ALABAMA AREA LOCAL ALABAMA POSTAL WORKERS UNION, AFL-CIO; VANESSA GORDON**

  12.  In response to Paragraph 12, APWU avers that Plaintiff was a member of the APWU and the Montgomery Alabama Area Local, American Postal Workers Union, AFL-CIO until approximately October 2004. APWU denies all other factual allegations in Paragraph 12.

  13.  APWU denies information or knowledge to form a belief as to the truth or falsity of the allegation contained in Paragraph 13 of the Amended Complaint, describing communication between Vanessa Gordon and the Plaintiff and consequently denies that allegation. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the APWU denies all other allegations in Paragraph 13.

  14.  APWU denies information or knowledge to form a belief as to the truth or falsity of the allegation contained in Paragraph 14 of the Amended Complaint.

  15.  APWU denies the allegations contained in Paragraph 15.

  a.  APWU asserts that Paragraph "a" of subsection V "Claims Against Defendants APWU and Montgomery Alabama Area Local Alabama Postal Workers Union, AFL-CIO;

Vanessa Gordon" of the Amended Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

      b.      APWU asserts that Paragraph "b" of subsection V "Claims Against Defendants APWU and Montgomery Alabama Area Local Alabama Postal Workers Union, AFL-CIO; Vanessa Gordon" of the Amended Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

      c.      APWU asserts that Paragraph "c" of subsection V "Claims Against Defendants APWU and Montgomery Alabama Area Local Alabama Postal Workers Union, AFL-CIO; Vanessa Gordon" of the Amended Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

      16.      APWU denies each and every allegation requiring answer not heretofore admitted or denied.

      17.      APWU further denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against the APWU upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is time barred.

### THIRD AFFIRMATIVE DEFENSE

The claims against the APWU should be dismissed because it did not violate any duty owed to the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The APWU did not have knowledge of, nor did it acquiesce, approve, or ratify, any alleged wrongdoing by the Local.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to reinstatement, lost back and future wages, actual damages, compensatory damages, punitive damages or attorney's fees and costs as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

Should Plaintiff be entitled to back pay, the United States Postal Service is liable for all back pay.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees or costs from the APWU.

WHEREFORE, the APWU requests of the Court that the Plaintiff have and recover nothing from the APWU, that the Amended Complaint be dismissed, that the costs of this action be taxed against the Plaintiff and that as part of these costs there be included a reasonable attorney's fee for the APWU and that the Court grant such other and further relief as the Court deems just and proper.

Dated: November 13, 2006                    Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.
Counsel for Defendant APWU

By:      /s/ Anton Hajjar
Anton G. Hajjar (D.C. No. 359267)

By:      /s/ Brenda Zwack
Brenda C. Zwack (D.C. No. 482673)
1300 L Street, NW, Suite 1200
Washington, DC 20005-4126
TEL (202) 898-1707/FAX (202) 682-9276
ahajjar@odsalaw.com
bzwack@odsalaw.com

NAKAMURA, QUINN & WALLS LLP
Local Counsel for Defendant APWU

By:      /s/ Patrick Nakamura
Patrick K. Nakamura
Alabama Bar No. ASB-1814-A64P
2204 Lakeshore Drive, Suite 130
Birmingham, AL 35209
TEL (205) 870-9989/FAX (205) 803-4143
Nakamura@ngwlaw.com

**Certificate of Service**

I hereby certify that I have this day caused the following to be served through the court's electronic case filing system with a copy of the foregoing Answer of the American Postal Workers Union, AFL-CIO:

>Stephen Michael Doyle
>UNITED STATES ATTORNEY'S OFFICE
>P.O. Box 197
>Montgomery, AL 36101
>
>William Post Roberts, II
>HOWELL, SARTO, & HOWELL
>147 E. Main Street
>Prattville, AL 36067

I hereby certify that I have this day caused the following to be served through U.S. first-class mail, postage pre-paid, of the foregoing Answer of the American Postal Workers Union, AFL-CIO:

>Alma T. McBroom
>*Pro Se* Plaintiff
>921 Hugh St.
>Montgomery, AL 36108

November 11, 2006               /s/ Patrick Nakamura
                                Patrick K. Nakamura