IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA T. MCBROOM, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       v. | ) CIVIL ACTION NO.: **2:06-CV-767-F** |
| | ) |
| JOHN E. POTTER, POSTMASTER | ) |
|     GENERAL, et al., | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT JOHN E. POTTER'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff's claims against the Postmaster General should be dismissed because *Bivens*-type constitutional tort claims are not available against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Plaintiff, Alma T. McBroom, is a former postal worker. Complaint ¶ 6. She alleges that she injured her back at work in 2003 and has not been properly compensated by the Postal Service. Complaint ¶¶ 7-8, 10-11. She brings claims for money damages against John E. Potter in his official capacity as Postmaster General of the United States alleging that the Postal Service deprived her of property without due process of law in violation of her constitutional rights. Complaint ¶¶ 10 - 11 (a), (b). Plaintiff's claims are due to be dismissed because constitutional tort claims may not be maintained against the Postal Service. *Meyer*, 510 U.S. at 484-86.

## ARGUMENT

### *Bivens*-type Constitutional Tort Claims Are Not Available Against Federal Agencies.

Plaintiff brings constitutional tort claims against John E. Potter in his official capacity as Postmaster General of the United States. Complaint ¶¶ 10-11 (a), (b). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Official-capacity suits are simply "'another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (*quoting Monell v. New York Dept. of Soc. Serv.*, 436 U.S. 658, 690 n. 55).

Plaintiff makes it abundantly clear that she is bringing an official-capacity claim against the Postmaster General. In section V, the "Causes of Action" section of her complaint, she identifies her claim as being a "Claim Against the Postal Service." Complaint at p. 3, § V, Causes of Action. In addition, in section III of the complaint, she states that "Defendant, John Potter, is the Postmaster General . . . and *in his capacity as such*, is responsible for the actions of his employees [.]" Complaint at pp. 1-2, § III, Parties (emphasis added). Furthermore, in the caption, plaintiff names Mr. Potter as Postmaster General. Plaintiff makes no allegations of personal involvement by the Postmaster General. Accordingly, this lawsuit should be treated as a suit against the Postal Service.[1] *Graham*, 473 U.S. at 165-66.

---

[1] John E. Potter has not been personally served and this motion does not constitute an appearance in his individual capacity. *See*, Fed. R. Civ. P. 4(i)(2)(A), (B).

Plaintiff alleges that the "refusal of the postal service to compensate her for the time while she was unable to work . . . deprived her of her property without being accorded the procedural protections guaranteed by the United States Constitution." Complaint ¶ 10. She seeks $300,000 and other unspecified damages. Complaint ¶ 11 (a), (b). In *Meyer*, the Supreme Court held that it would not extend the damages remedy for constitutional violations that it recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), to suits against federal agencies. 510 U.S. at 484-86. The Court held that "an extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself," and that "even if such a remedy were consistent with *Bivens* . . . there are special factors counseling hesitation in the creation of a damages remedy" against federal agencies. *Id.* at 486 (internal quotation and citation omitted).

The Postal Service is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The Supreme Court has explicitly held that *Meyer* governs claims against the Postal Service. *United States Postal Service v. Flamingo Industries*, 540 U.S. 736, 744 (2004). Accordingly, plaintiff's *Bivens*-type constitutional claim against the Postal Service should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6).

## CONCLUSION

For the above reasons, plaintiff's claims against Postmaster General John E. Potter should be dismissed in their entirety with prejudice.

Respectfully submitted this 27th day of November, 2006.

>LEURA G. CANARY
>United States Attorney
>
>By:   /s/Stephen M. Doyle
>STEPHEN M. DOYLE
>Chief, Civil Division
>Assistant United States Attorney
>Attorney for Defendant
>Post Office Box 197
>Montgomery, AL  36101-0197
>District of Columbia Bar No. 422474
>Telephone No.: (334) 223-7280
>Facsimile No.: (334) 223-7418
>**E-mail:  stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Anton Hajjar, Esq., Brenda Zwack, Esq., Patricia K. Nakamura, Esq., and William Post Roberts, II, Esq., and mailed a copy of same, first class, postage prepaid, addressed as follows:

>Alma T. McBroom, Pro se
>921 Hugh Street
>Montgomery, AL 36108
>
>    /s/Stephen M. Doyle
>Assistant United States Attorney