IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA T. MCBROOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv767-MEF |
| | ) |
| JOHN E. POTTER, POSTMASTER | ) |
| GENERAL, et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT JOHN E. POTTER 'S MOTION TO DISMISS**

COMES NOW, the Plaintiff and files her response to Defendant, John E. Potter's Motion to Dismiss as follows:

STANDARD OF REVIEW

Defendant's motion alleges that dismissal is proper in this case under FRCP Rule 12(b)(6) failure to state a claim and because the plaintiff seeks to recover money damages from the Postal Service for alleged constitutional violations, Bivens'-type constitutional tort claims are not available against federal agencies, including the Postal Service. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).

It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief..." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must "assume the truth of the material facts as alleged in the complaint." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003 1017, 140 L.Ed.2d 210 (1998). Dismissal

with prejudice would not be appropriate "unless the court believes that leave to amend will not cure an insufficient allegation." *Havis v. Thornton,* 609 F. 2d 372, 376 (9th Cir. 1979).

As is more fully set out in Plaintiffs brief, she has alleged sufficient facts to withstand a Rule 12(b) (6) dismissal.

## ARGUMENT

The bare essence of defendant's argument is set out on page 3 of his argument where he relies on *United States Postal Service v. Flamingo Industries*, 540 U.S. 736, (2004) for the proposition that the Supreme Court has explicitly held that under FDIC *v. Meyer,* 510 U. S. 1984 that constitutional tort claim are not available against the United States Postal Service.

Defendant interpretation of the Supreme Court holding in *Flamingo Industries* is not correct. In *Flamingo Industries,* the Supreme Court addressed the issue of whether United States Postal Service, enjoyed immunity from federal antitrust laws. The Supreme Court noted, "The two-step analysis in *Meyer* applies here. We ask first whether there is a waiver of sovereign immunity for actions against the Postal Service. If there is, we ask the second question, which is whether the substantive prohibitions of the Sherman Act apply to an independent establishment of the Executive Branch of the United States." A reading of the opinion in *Flamingo Industries* clearly shows that the holding was directed only to the applicability of the Sherman Act to the postal service. The case at bar as this defendant is concern is the withholding of compensation due plaintiff. Therefore, defendant argument is without merit.

The Supreme Court in *Flamingo Industries* noted that the "the Postal Service is part of the Government and that status indicates immunity unless there is a waiver. The sue-and-be-sued clause waives immunity, and makes the Postal Service amenable to suit, as well as to the incidents of judicial process. §401. See *Meyer*, supra, at 482; *Loeffler*, supra, at 565; *Franchise*

Tax Bd., supra, at 525. While Congress waived the immunity of the Postal Service, Congress did not strip it of its governmental status".

Even if this Court agreed with the defendant's position there is precedent as noted above for plaintiff to amend her complaint.

## CONCLUSION

In conclusion, Defendant's motion should be denied because there is no precedent to support its argument in support thereof.

Respectfully submitted this the 11th day of December 2006.

Alma T. McBroom, Pro se
921 Hugh Street
Montgomery, AL 36108
334-832-9110

## CERTIFICATE OF SERVICE

I hereby certify that on 11th day of December, 2006, filed the foregoing with the Clerk of the Court and mailed a copy of same to the attorneys for the defendants, first class, postage prepaid, addressed as follows:

Leura G. Canary
United States Attorney
%Stephen M. Doyee, Chief,
Civil Division Assistant United States Attorney
Post Office Box 197
Montgomery, AL 36101-0197

Patrick K. Nakamura
Nakamura, Quinn & Walls LLP
2204 Lakeshore Drive, Suite 130
Birmingham, AL 35209

Anton Hajjar, Esq., & Brenda C. Zwack
O'Donnell, Schwartz & Anderson
1300 L Street, NW, Suite 1200
Washington, DC 2000-4126

William Post Roberts, II
Howell, Sarto, & Howell
147 E. Main Street
Prattville, Alabama 36067

Alma T. McBroom, Pro se