IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA T. MCBROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv767-MEF |
| | ) | (WO) |
| JOHN E. POTTER, Postmaster General, | ) | |
| United States Postal Service, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Alma T. McBroom, proceeding *pro se*, brings this action against John E. Potter, Postmaster General, in his official capacity. (Complaint, ¶ 3; see also id., p. 3, "Claim Against the Postal Service"). Plaintiff was formerly employed by the United States Postal Service as a window clerk. She asserts a due process claim against the Postal Service, seeking compensatory and punitive damages arising from defendant's failure to compensate plaintiff for a work-related back injury. (Id., p. 1 and ¶¶ 6-7).[1] This action is presently before the court on the Postmaster General's motion to dismiss (Doc. # 24). Upon consideration of the motion, the court concludes that it is due to be granted.

**Motion to Dismiss Standard**

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle

---

[1] Plaintiff also sues the American Postal Workers Union, the Montgomery Alabama Area Local Alabama Postal Workers Union, and Vanessa Gordon, shop steward. These parties have answered the complaint.

him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." Dacosta v. Nwachukwa, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997)(emphasis in original)(citation omitted).

## Discussion

Plaintiff's lawsuit against John E. Potter in his official capacity as the Postmaster General is a lawsuit against his agency, the United States Postal Service. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court held that a person injured by a violation of his constitutional rights by a federal agent may bring an action for damages against the agent. In this action, plaintiff seeks to bring a Bivens constitutional tort claim for damages against Potter in his official capacity – *i.e.*, against the United States Postal Service. In F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994), the Supreme Court held that a Bivens action does not lie against a federal agency. The Postal Service is an "'independent establishment of the

executive branch of the Government of the United States,' 39 U.S.C. § 201" and it retains its governmental status.  U.S. Postal Service v. Flamingo Industries (USA), Ltd., 540 U.S. 736, 744 (2004).  The holding of Meyer is applicable to the United States Postal Service and it bars the claim plaintiff asserts against the Postal Service in this action.  Therefore, plaintiff's claim for damages arising from the alleged violation of her due process rights fails to state a claim for which relief may be granted against the Postal Service.

In her response to the motion to dismiss, plaintiff suggests that "there is precedent . . . for plaintiff to amend her complaint." (Doc. # 28).  However, there is no amendment that plaintiff can make to the complaint which would allow her to proceed with her constitutional tort claim for damages against the Postal Service.  Thus, plaintiff's claim against defendant Potter is due to be dismissed with prejudice.[2]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claim against defendant John E. Potter, Postmaster General, be DISMISSED with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before January 3, 2007.  Any objections filed

---

[2] Plaintiff includes language in her *ad damnum* clause seeking "such other relief as the court deems appropriate."  However, plaintiff has not specified any equitable remedies and it is not apparent to the court that she actually seeks any such remedies. (See Complaint, p. 1 ("This civil action is for compensatory and punitive damages . . . .")).  If plaintiff seeks a remedy other than monetary damages from the Postal Service, she may so notify the court by identifying any such remedy in an objection to this recommendation.

must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 19th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE