IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA T. MCBROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv767-MEF(WO) |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| United States Postal Service, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

Comes now Plaintiff, pro se and objects to the recommendation of the Magistrate Judge amends her complaint as follows:

1. The magistrate Judge wrote in her recommendation that:

"Furthermore, "[a] complaint may not be dismissed because the plaintiff s claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Florida. Inc.*, 116 F.3d 1364,1369 (11th Cir. 1997)"

The magistrate's applies Brooks with a narrow scope. In Brooks, the opinion further noted that a Motion to Dismiss should rarely be granted. Brooks at 1369. The court further noted that "A complaint may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of acts in support of his claim which would entitle him to relief. *Brooks at 1369.* In this action, plaintiff's claim against the Postal Service centers on the wages that she lost because of a job related injury. The Postal Service did not adjust her work to comply with her attending physician medical instructions; therefore, the Postal Service failed to mitigate the lost of her wages by failing to place her in a job that would require less physical

activities or continuing to pay her while her claim was pending. The Postal Service failed to place her in a position that would lessen the aggravation of her injuries. Thus, it is clear that the Magistrate has misconstrued the holding in Brooks and therefore the recommendation should not be followed.

    2. The Magistrate Judge also wrote in her recommendation that:

"In her response to the motion to dismiss, plaintiff suggests that "there is precedent... for plaintiff to amend her complaint" (Doc. # 28). However, there is no amendment that plaintiff can make to the complaint which would allow her to proceed with her constitutional tort claim for damages against the Postal Service. Thus, plaintiffs claim against defendant Potter is due to be dismissed with prejudice."

This statement by the Magistrate appears to be conclusion as the Magistrate has not provided plaintiff with the opportunity to amend her complaint to cure the defects that said Magistrate claims exist such that a granting of the Motion to Dismiss is appropriative. As noted above this is a very narrow reading of the case that the Magistrate relies on as noted in Objection 1.

    3. The Magistrate Judge further wrote in her recommendation that: In F.D.I.C. v. Meyer. 510 U.S. 471,484-86 (1994), the Supreme Court held that a Bivens action does not lie against a federal agency. The Postal Service is an "'independent establishment of the Executive branch of the Government of the United States,' 39 U.S.C. § 201" and it retains its governmental status. U.S. Postal Service v. Flamingo Industries ...."

The Magistrate Judge failed to note that the issue in *Flamingo* resolves concerned antitrust. The issue in this case involves the compensation of plaintiff or the lack thereof.

Therefore, we submit that the reliance by the Magistrate on the holding in *Flamingo* by Magistrate in support of her recommendation is misplaced.

4. The Magistrate Judge further wrote in her recommendation that:

Plaintiff includes language in her ad damnum clause seeking "such other relief as the court deems appropriate." However, plaintiff has to specify any equitable remedies . . . to the court that she actually seeks any such remedies . . . she may so notify the court by identifying any such remedy in an objection to this recommendation."

The additional remedy other than "monetary damages" is that the Postal Service should be orders to place Plaintiff in a position that would allow her to continue to access the medical and life insurance benefits she had as an employee.

ALMA T. McBROOM
921 Hugh Street
Montgomery, Alabama 36108
334-832-9110

CERTIFICATE OF SERVICE

I Alma T. McBroom hereby certify that I have served a copy of the foregoing on all parties of interest in this cause by mailing the same to them via United States Mail postage prepaid and properly addressed on this the 3rd day of January 2007.

*Alma T. McBroom*
Alma T. McBroom

OF COUNCEL:
Anton Hajjar
O'Donnell, Schwartz, & Anderson, P.C.
1300 L Street NW Suite, 1200
Washington, DC 20005

Patrick K. Nakamura
Nakamua, Quinn and Walls LLP
2204 Lakeshore Drive, Suite 130
Birmingham, AL 35209

Stephen Michael Doyle
United States Attorney's office
P.O. Box 197
Montgomery, AL 36101

Williams Post Roberts, II
Howell, Sarto, & Howell
147 E. Main Street
Prattville, AL 36067