UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| ALMA T. MCBROOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:06-CV-767-MEF-SRW |
| JOHN E. POTTER, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OF THE <u>AMERICAN POSTAL WORKERS UNION, AFL-CIO</u>**

**I.   INTRODUCTION**

The plaintiff Alma McBroom has filed a lawsuit against the United States Postal Service ("the Postal Service"), the Montgomery Alabama Area Local, American Postal Workers Union, AFL-CIO ("the Montgomery Area Local" or "the Local"), and the American Postal Workers Union, AFL-CIO ("APWU" or "National Union").  McBroom alleges a breach of the duty of fair representation by the APWU, and the Montgomery Area Local.  The cause of action is based on the allegation that the Local failed to pursue a grievance regarding her claim for disability compensation and challenging her eventual termination from the Postal Service.  Complaint at ¶¶ 7, 8, 9.

Conspicuously absent from McBroom's Complaint are any allegations that any officer, employee or agent of the National Union did anything wrong.  In fact, the only allegation in the Complaint at all addressing the National Union is the conclusory statement that the National Union[1]

---

[1]   The plaintiff mistakenly named the National Postal Mail Handlers Union in her complaint.  McBroom has since filed an amended complaint substituting the APWU for the National Postal Mail Handlers Union.

"is ultimately responsible for enforcement of the Collective Bargaining Agreement and the Constitution of the Union of which Plaintiff was a member." Complaint at ¶ 4; Amended Complaint. The undisputable facts, however, establish that there was no agency relationship between the APWU and the Montgomery Area Local. All Local union affiliates of the APWU are fully autonomous and self-governing. Local union officers and stewards are not officers, employees or agents of the National Union. The fundamental tenet of American jurisprudence is that a party should be held liable only for the acts it is responsible for committing. A national union will not be liable for acts or omissions in violation of the law unless there was an agency relationship between the actor who committed those violations and the national union.

Furthermore, under well-settled Supreme Court law, even if an agency relationship could be established between the APWU and the Montgomery Area Local or the APWU and the Local's officers or members, the National Union could be held vicariously liable for action of the Montgomery Area Local or its officers or members **only if** the National Union instigated, authorized or ratified the allegedly illegal actions. Here, the National Union had no knowledge of any of the allegations contained in McBroom's Complaint until she filed this lawsuit against the APWU. As the National Union had no knowledge of any of the Local's actions that form the basis of this lawsuit, it certainly could not have authorized or ratified them.

Therefore, under clearly defined Supreme Court precedent, the National Union cannot be held liable for any of the acts or omissions alleged in the Complaint. Thus, the National Union should be dismissed from this lawsuit based on McBroom's failure to state a claim or, in the alternative, summary judgment should be granted to the National Union.

II.   STATEMENT OF FACTS

The APWU is an unincorporated labor organization with its headquarters at 1300 L Street, N.W., Washington, DC 20005. Declaration of Terry R. Stapleton attached and incorporated in the Evidentiary Submissions filed concurrently with this Memorandum as Exhibit 1 ("Stapleton Dec.") at ¶ 2. The APWU has more than 1,600 locals located in every state and territory of the United States.  Id.

The Montgomery Area Local[2] is a local chartered by the APWU pursuant to Article 16, Section 5(b) of the Constitution and Bylaws of the American Postal Workers Union, AFL-CIO ("APWU Constitution"). Id. at ¶ 3 and attached and incorporated in the Evidentiary Submissions filed concurrently with this Memorandum as Exhibit 1A . It is an autonomous unincorporated labor organization with its own constitution, bylaws and officers. Id. It is separate and distinct from the APWU with which it is affiliated. Id.  The APWU Constitution provides at Article 16, Section 6(c) that all affiliated locals shall be fully autonomous. Id.  Under this provision of the APWU Constitution, Local Unions have complete autonomy from the National Union with respect to their internal affairs. Id.

Connie Friedman is the President of the Montgomery Area Local. Stapleton Dec. at ¶ 5. Friedman was elected President of the Montgomery Area Local by the membership of the Montgomery Area Local. Id. Friedman is not now, and has never been, an officer or employee of the National Union. Id.

Vanessa Gordon was a steward with the Montgomery Area Local. Id. at ¶ 6. Gordon is not now, and has never been, an officer or employee of the National Union. Id.

---

[2]   The Montgomery Area Local has been designated Local No. 323. Stapleton Dec. at ¶ 4. This designation is for accounting purposes. Id.

The Montgomery Area Local maintains its own treasury separate and apart from the National Union. Id. at ¶ 7. The Montgomery Area Local is free to spend its treasury as it sees fit, in accordance with its constitution and bylaws. Id. The Montgomery Area Local has the unfettered right to self-govern its own affairs, including the right to determine when to schedule meetings and to set the agenda for those meetings, the right to hire and fire employees, the right to retain vendors and the right to conduct business in the Local's name. Id.

The collective bargaining agreement between the APWU and the United States Postal Service ("National Agreement") at Article 15 provides a grievance-arbitration procedure to resolve disputes, differences, disagreements or complaints between the parties to the Agreement related to wages, hours and conditions of employment. Stapleton Dec. at ¶ 8 and attached and incorporated as Exhibit 1B in the Evidentiary Submissions filed concurrently with this Memorandum.

The grievance procedure consists of three steps leading up to and ultimately culminating in final and binding arbitration. Id. at ¶ 9. Local union affiliates have sole jurisdiction and the sole responsibility for filing and processing grievances at Steps 1 and 2 of the grievance-arbitration procedure. Id. The National Union has no authority to get involved with grievances initiated at the local level until they are appealed to Step 3 of the grievance procedure. Id. The National Union handles grievances at Steps 3 and arbitration. Id.

Local union affiliates have complete autonomy to select, appoint, certify, remove and decertify Step 1 and 2 stewards to represent members of the bargaining unit within the local's jurisdiction. Id. at ¶ 10. It is not within the National Union's jurisdiction and the National Union is without authority to select, appoint, certify, remove or decertify local union stewards. Id.

The National Union did not select, appoint or certify Vanessa Gordon to be a steward for the Local. Id. at ¶ 11. The National Union did not remove Gordon from being a steward or prevent her

4

from performing steward duties. Id. These decisions would be made by the Montgomery Area Local. Id.

Alma McBroom was employed as a Window and Distribution Clerk with the Postal Service. Complaint at ¶¶ 6, 12. During her employment with the Postal Service, she became a member of the Montgomery Area Local. Id.

In her complaint, McBroom alleges that the failure of the Local to pursue a grievance on her behalf constituted a breach of the duty of fair representation. Complaint at ¶ 15. McBroom alleges that the Local's shop steward Vanessa Gordon told her that the Local would file a grievance challenging the Postal Service's failure to fully compensate her for her August 2003 on the job injury and challenging her September 2004 termination. Id. at ¶¶ 7, 9. McBroom further claims that Gordon assured her that the grievance would be processed in a timely manner. Id. at ¶ 13. Finally, forming the gravamen of her complaint against the Local, McBroom alleges that the Local never filed the grievance. Id. at ¶¶ 9, 14, 15. The only alleged basis for liability against the National Union is that the Local is a "member" of the National Union, and that the National Union "is ultimately responsible for enforcement of the Collective Bargaining Agreement and the Constitution of the Union of which Plaintiff was a member." Id. at ¶¶ 4, 13.

The National Union had no knowledge of any of the actions alleged in McBroom's Complaint. Stapleton Dec. at ¶ 12. McBroom never contacted the National Union to complain of any of the actions alleged in the Complaint. Id.

In any case, Local Unions make the determination whether to pursue individual grievances without any input from the National Union. Id. at ¶ 13. The National Union cannot reinstate a grievance once a Local Union decides no to pursue it. Id. The Local's decision not to pursue a grievance is final. Id. The National Union has no authority to compel a Local to either proceed or

5

decline to proceed with a grievance and in no way can the National Union change the Local's decision, once made. Id.

**ARGUMENT**

    A.    <u>Standard of Law for a Motion to Dismiss</u>

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. As a *pro se* litigant, plaintiff is "held to less stringent standards than formal pleadings drafted by lawyers..." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). No matter how inartfully pleaded, "[s]uch a complaint should not be dismissed for failure to state a claim unless it appears that no set of facts in support of his claim which would entitle him to relief." <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980) (quoting <u>Haines</u>, 404 U.S. at 520). As the United States Supreme Court held in <u>Conley v. Gibson</u>, a district court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. 355 U.S. 41, 45 (1957). Dismissal is appropriate, however, "when on the basis of a dispositive issue of law, no construction of factual allegations will support the cause of action." <u>Marshall County Board of Education v. Marshall County Gas District</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

If a court presented with a motion to dismiss for failure to state a claim finds it necessary or appropriate to consider materials outside of the initial pleadings in reaching its decision, the motion to dismiss, even if filed under Rule 12 (b)(6) of the Federal Rules of Civil Procedure, will be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure 12 (b). "Normally, 'once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) (quoting <u>Property Mgmt. & Inv., Inc. v. Lewis</u>, 752 F.2d 599, 604 (11th Cir. 1985)).

6

B.	The Summary Judgment Standard

Summary judgment is "an integral part of the Federal Rules as a whole," which are designed "to secure the just, speedy, and inexpensive determination of every action." Rule 1, FRCP; Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a party if, after adequate time for discovery, that party fails to make a sufficient showing to establish the existence of an element essential to that party's case, when that party will bear the burden of proof at trial. Celotex, supra., 477 U.S. at 322. There can be no genuine issue of material fact if a party is unable to prove an essential element of the party's case. Additionally, a party's failure to establish sufficient evidence to make out an essential element of its case renders all other facts immaterial. Id. at 323. Only disputes over facts which affect the outcome of the case will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242 (1986); 10A Miller & Wright, Federal Practice and Procedure, Section 2725 at 93-95 (1983).

As to the "genuineness" of the dispute, summary judgment is proper unless there is sufficient evidence for a jury to return a verdict for the non-moving party. Anderson, supra., 477 U.S. at 248. "If the evidence is merely colorable or it is not significantly probative, summary judgment is proper." Id. at 249-50. The plaintiff may not rely upon speculation or conjecture. In order to satisfy the requirements of Celotex and Anderson, the non-moving party must come forward with sufficient evidence to allow a jury to find in its favor on each and every essential element on which it bears the burden of proof at trial. If it is unable to show that there is a "genuine" dispute over "material" facts, then the motion for summary judgment should be granted.

C.	The National Union Cannot Be Held Liable for Any of the Alleged Wrongful Acts Due to the Absence of An Agency Relatinship Between the National Union and the Local.

1.  Introduction

In her complaint, McBroom alleges that the failure of the Local to pursue a grievance challenging the Postal Service's failure to pay her disability compensation and her ultimate termination constituted a breach of the duty of fair representation. Complaint at ¶ 15. Specifically, she alleges that the Local's shop steward, Vanessa Gordon did not pursue the grievance, after assuring her that she would do so in a timely manner. Id. at ¶ 13. McBroom does not assert any improper action or inaction by the National Union. As such, she is apparently alleging that the APWU should be held vicariously liable for the acts or omissions of officers and members of the Montgomery Area Local.

The facts offered by McBroom to support her claims only involve acts or omissions on the part of the Montgomery Area Local. As a matter of law, in order to prevail against the APWU on such charges, McBroom would have to first establish that the National Union and the Montgomery Area Local stood in an agency relationship. Then, even if she could establish that an agency relationship existed, McBroom would also have to show facts indicating that the National Union authorized, ratified, encouraged or supported Gordon's conduct. This she cannot do. McBroom cannot produce any facts supporting the existence of an agency relationship or the subsequent condonation by the National Union of the Gordon's conduct, or any other officer or member of the Local. The undisputed facts establish that the National Union was not in an agency relationship with the Local. Consequently, absent an agency relationship, McBroom may not assert that the National Union owed her any affirmative duty to correct the misconduct of the local officials. Thus, as a matter of law, summary judgment is appropriate for the APWU.

2.  The National Union Is Not Responsible for Any of the Alleged Wrongful Acts Committed by Gordon.

In analyzing the vicarious liability of a national or international union for the discriminatory actions of its local union affiliates, federal courts apply common law agency principles. Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1429 (D.C. Cir. 1988), cert. denied, 490 U.S. 1105 (1989)(noting that "common-law agency principles apply equally to determine an international union's liability under the civil rights laws as they do in other contexts. . ."); Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) (same); see also, Carbon Fuel Co. v. United Mine Workers, 444 U.S. 212 (1979)(a national union, such as the APWU, cannot be held vicariously liable for the wrongful acts of its affiliated unions or the officers or agents of its affiliated unions unless legal proof of agency can be demonstrated); Chapa v. Local 18, 737 F.2d 929 (11th Cir. 1984)(agents of the national union were not shown to have participated in the alleged unlawful acts of the local union, and therefore, the national union could not be held liable for such unlawful acts).

It is well settled that a principal-agent relationship may not be inferred solely from affiliation between an international union and a local union. See, United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 395 (1922); Coronado Coal Co. v. United Mine Workers, 268 U.S. 295, 304-05 (1925); Carbon Fuel Co. v. United Mine Workers, 444 U.S. 212, 217 (1979); Wentz v. Intern. Broth. of Elec. Workers,Local No. 1525, 578 F.2d 1271, 1272 (8th Cir. 1978), cert. denied, 439 U.S. 983 (1978). "The test to determine whether an agency relationship exists is essentially one of balancing the character of the business affairs subject to the International's control and supervision against those left to the discretion of the local." Alexander v. Local 496, Laborers Int'l Union of North America, 778 F. Supp. 1401, 1420 (N.D. Ohio 1991), citing, Berrigan v. Greyhound Lines, Inc., 560 F. Supp. 165, 169 (D. Mass. 1982). The test is the nature and extent of actual control by the international. Shimman v. Frank, 625 F.2d 80, 98 n. 36 (6th Cir. 1980). Courts have found no

agency relationship between an international union and a local where the local union is solely or primarily responsible for the challenged activity. Kokinchak v. United States Post Office, Civ. No. 99-4835 at 7 (D.N.J. Dec. 29, 2000)(holding that there is no agency relationship between the APWU and its affiliated unions and their stewards)(attached and incorporated in the Evidentiary Submissions filed concurrently with this Memorandum as Exhibit 2).

In Shepherdson v. Local Union No. 401, International Association of Bridge Structural and Ornamental Iron Workers, 823 F. Supp. 1245, 1255-57 (E.D. Pa. 1993), a local union officer, was charged by another union employee with having violated her Title VII rights. The court found that the international was not liable for the discriminatory retaliation because the local had primary responsibility for employment matters and discipline of officers and employees for violation of union rules.

The undisputable facts in this case clearly establish that the National Union and the Montgomery Area Local are not in an agency relationship. According to the APWU Constitution, the Montgomery Area Local is an entity that is completely self-governing and autonomous from the National Union. Stapleton Dec. at ¶ 3 and attached and incorporated as Exhibit 1A in the Evidentiary Submissions filed concurrently with this Memorandum. The Montgomery Area Local has complete autonomy and sole responsibility to elect its officers, maintain its treasury, manage its employees, select and certify its stewards, and discipline its stewards, officers and employees. Id. at ¶¶ 3, 7, 10. In declining to find an agency relationship between an international and local union in a sex discrimination case, the Ninth Circuit explained:

> In determining the existence of an agency relationship, the terms of the international's constitution may be instructive, but we must also look to the actual relationship between the local and the international. "What should matter is not so much the International's theoretical control over the local as the nature and the extent of the control." Shimman, 625 F.2d at 98 n.36; see also United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1453-54 (9th Cir. 1989); Berger, 843

> F. 2d at 1430-31. To analyze the actual relationship, we consider the local's election of its own officers, ability to hire and fire its own employees, maintenance of its own treasury and independent conduct of its daily business as determinative factors.

Laughon v. International Alliance of Theatrical Stage Employees, 248 F.3d 931, 935 (9th Cir. 2001).

Because the Montgomery Area Local enjoys such autonomy, it cannot be said to act as an agent of the National Union. Under the structure of the APWU Constitution, it is the Local, and not the National Union that would be responsible for the selection certification and removal of union stewards. Stapleton Dec. at ¶ 10 and attached and incorporated as Exhibit A in the Evidentiary Submissions filed concurrently with this Memorandum. Gordon and Friedman's positions with respect to their union duties are similarly a matter left to the discretion and control of the local union. Id. at ¶¶ 10, 11. McBroom has alleged that the Local failed to pursue a grievance on her behalf. Complaint at ¶ 14. The National Union does not get involved with the grievance procedure until Step 3 or arbitration. Stapleton Dec. at ¶ 9 and attached and incorporated as Exhibit B in the Evidentiary Submissions filed concurrently with this Memorandum. Thus, it was not and could not have been involved in the decision of whether to initiate a grievance on McBroom's behalf. Stapleton Dec. at ¶ 9. McBroom cannot establish that the National Union controlled, was involved in, or authorized the day-to-day activities of the Montgomery Area Local with respect to the action that is at the basis of this lalwsuit. Therefore, as all of McBroom's allegations of wrongful conduct involve activities solely within the purview of Local authority, the APWU, as a matter of law, cannot be held liable for any of McBroom's claims of violation of the law.

> 3. Even if an Agency Relationship Could Be Established, the APWU Could Not Be Held Liable for Any of the Alleged Wrongful Acts Because It Did Not Authorize or Ratify Any of Them.

Even though the facts conclusively establish that there was no agency relationship between the National Union and the Montgomery Area Local, even if one could be established, the APWU

could not be liable for the alleged wrongful acts set forth in the Complaint because it did not authorize or ratify any of them.

Proof of agency between a national union and its affiliated unions, or between a national union and the officers or agents of its affiliated unions, can be established only if the wrongful acts were "in accordance with their fundamental agreement," or the national union "instigated, supported, ratified or encouraged" the wrongful acts. Carbon Fuel Co. v. United Mine Workers, 444 U.S. 212, 217-18 (1979). "The rule of law remains, however, that a union 'may only be held responsible for the authorized or ratified actions of its officers and agents.'" Shimman v. Frank, 625 F.2d 80, 95 (6th Cir. 1980), (citing North American Coal Co. v. U.M.W., 497 F.2d 459, 466-67 (6th Cir. 1974)). "The fact that an officer of the local union may have transgressed does not mean that the International is liable." Shimman, 625 F.2d at 95. There is no basis for holding a national or international union liable for conduct it did not authorize, participate in or ratify. Id. at 96, (citing Carbon Fuel Co. v. United Mine Workers, 444 U.S. 212 (1979)). "[A] collective entity, including a labor organization, 'may only be held responsible for the authorized or ratified actions of its officers and agents.' This standard of liability extends generally to situations in which an international union is sued for the conduct of its affiliated local." Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1427 (D.C. 1988); see also, Anjelino v. The New York Times Co., 200 F.3d 73 (3d Cir. 2000)(affirming dismissal of Title VII discrimination claims against union because record did not demonstrate that union instigated or actively supported alleged discriminatory acts); Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283 (3d Cir. 1991)(holding international union not liable because plaintiff's conclusory allegations of union's failure to intervene in alleged discriminatory retaliation did not constitute ratification or encouragement). "International liability must be based on affirmative conduct undertaken by it."

12

Borowiec v. Local No. 1570, 889 F.2d 23, 28 (1st Cir. 1989).

    McBroom cannot, and does not allege that the National Union authorized or ratified the conduct of Vanessa Gordon, or the decisions made by the Montgomery Area Local. To the contrary, McBroom's complaint relies solely on alleged actions or inactions by the Local. Complaint at ¶¶ 9, 13, 14. Because the undisputed facts show that the National Union did not instigate, authorize, encourage, ratify, or condone any action set forth in the Complaint, the National Union cannot be held liable for any wrongdoing alleged in the Complaint.

## IV.     CONCLUSION

    For the above stated reasons, the APWU respectfully requests that the Court dismiss the complaint against the APWU with prejudice or, in the alternative, grant summary judgment in favor of the APWU.

Dated: February 20, 2007_____             Respectfully submitted,

                                                       O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                                       By:____/s/ Brenda Zwack_____
                                                          Brenda C. Zwack (D.C. No. 482673)
                                                          *Admitted Pro Hac Vice*
                                                          1300 L Street, NW, Suite 1200
                                                          Washington, DC 20005-4126
                                                          Tel (202) 898-1707/Fax (202) 682-9276
                                                          bzwack@odsalaw.com

                                                     NAKAMURA, QUINN & WALLS LLP

                                                     By:___/s/ Patrick Nakamura_____
                                                          Patrick K. Nakamura
                                                         Alabama Bar No. ASB-1814-A64P
                                                         2204 Lakeshore Drive, Suite 130
                                                         Birmingham, AL 35209
                                                         Tel (205) 870-9989/ Fax (205) 803-4143
                                                         nakamura@nqwlaw.com

                                                     Attorneys for the American Postal Workers Union,
                                                     AFL-CIO

**Certificate of Service**

I hereby certify that I have this day caused the following people to be served by first class mail postage pre-paid and (with the exception of Alma McBroom) through the Court's electronic filing system with a copy of the foregoing Motion to Dismiss, or in the Alternative, for Summary Judgment of the American Postal Workers Union, AFL-CIO; Memorandum of Law in Support of the Motion to Dismiss; and the Submission of Evidence supporting the foregoing Motion:

Alma T. McBroom
921 Hugh St.
Montgomery, AL 36108

Stephen Michael Doyle
United States Attorney's Office - ALM
Middle District of Alabama
PO Box 197
Montgomery, AL 36101-0197

William Post Roberts, II
Howell, Sarto & Howell
P.O. Box 681864
147 E. Main Street
Prattville, AL 36067


Dated: February 20, 2007                    /s/ Patrick Nakamura