UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| ALMA T. MCBROOM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:06-CV-767-MEF |
| JOHN E. POTTER, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT AMERICAN POSTAL WORKERS UNION, AFL-CIO'S
MOTION FOR RECONSIDERATION OF THE SCHEDULING ORDER**

Defendant American Postal Workers Union, AFL-CIO ("APWU") respectfully requests that the Court reconsider the dates set forth in the Uniform Scheduling Order ("Scheduling Order") (Docket No. 52) in order to accommodate and correspond with the plaintiff's extended deadline to respond to the APWU's initial dispositive motion filed on February 20, 2007. (Docket Entry Nos. 40-43). This postponement is necessary to prevent the anomaly of having the plaintiff's response to the APWU's pending Motion to Dismiss, or in the Alternative, for Summary Judgment due later than her response to any subsequent dispositive motion.

On February 20, 2007, the APWU filed a motion to dismiss, or in the alternative, for summary judgment. (Docket Entry Nos. 41-43). The Court ordered that the plaintiff respond to this motion on or before March 23, 2007. (Docket Entry No. 44). On March 21, 2003, the plaintiff filed a motion for continuance requesting a sixty (60) day extension of time to respond to the APWU's motion. (Docket Entry No. 49). The plaintiff did not attempt to contact APWU's counsel to seek the APWU's consent

to this motion as is required by sections 7(a) and (b) of this Court's Scheduling Order.[1] On March 22, 2003, the Court granted the plaintiff's Motion for Continuance, extending the deadline for the plaintiff's response to the APWU's pending Motion to Dismiss, or in the Alternative, for Summary Judgment until May 21, 2007. (Docket Entry No. 51). Currently, the Scheduling Order provides that the final date for the parties to file dispositve motion is April 30, 2007. (Docket Entry No. 52). This means that the plaintiff's response to the APWU's already pending dispositive motion would be due *later* than her response to any subsequent dispositve motion the APWU may file by April 30, 2007.

This current sequence of due dates does not serve the interests of fairness and judicial efficiency. If the Court rules in APWU's favor on its pending dispositve motion, then obviously no further dispositve motion would be necessary. Under the current Scheduling Order, the APWU will be precluded from receiving the Court's ruling on its pending motion before April 30, 2007. Therefore, it will be forced to either file a second dispositve motion or, in the event the Court denies its initial dispositve motion, essentially concede to a trial. This outcome would not be fair to the parties and would threaten a substantial waste of the Court's time and resources.

For the foregoing reasons, the APWU respectfully requests that this Court revise the Scheduling Order to extend all dates to accommodate and correspond with the plaintiff's 60 day extension of time to respond to the APWU's Motion to Dismiss, or in the Alternative, for Summary Judgment. A proposed order is attached.

---

[1] The Scheduling Order requires that a "request or motion for extension of a deadline in any court order...(ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met." (Uniform Scheduling Order at Section 7(a) and (b)). (Docket Entry No. 52).

Dated: March 28, 2007

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By:   /s/ Brenda Zwack
    Brenda C. Zwack (D.C. No. 482673)
    *Admitted Pro Hac Vice*
    1300 L Street, NW, Suite 1200
    Washington, DC 20005-4126
    Tel (202) 898-1707/Fax (202) 682-9276
    bzwack@odsalaw.com


Attorneys for the American Postal Workers Union, AFL-CIO

**Certificate of Service**

I hereby certify that I have this day caused the following people to be served by first class mail postage pre-paid and through the Court's electronic case filing system with a copy of the foregoing Defendant American Postal Workers Union, AFL-CIO's Motion for Reconsideration of the Scheduling Order, and the Proposed Order:

    Deborah Moore Nickson
    2820 Fairlane Drive
    Suite A-10
    Montgomery, AL 36116

    William Post Roberts, II
    Howell, Sarto & Howell
    P.O. Box 681864
    147 E. Main Street
    Prattville, AL 36067

Dated: March 28, 2007                    /s/ Brenda Zwack

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| ALMA T. MCBROOM, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 2:06-CV-767-MEF |
|  | ) |
| JOHN E. POTTER, et al., | ) |
|  | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Upon consideration of the Defendant American Postal Workers Union AFL-CIO's Motion for Reconsideration of the Scheduling Order, it is this _____ day of _____ 2007, hereby

**ORDERED** that the Defendant's motion is **GRANTED** and that the dates on the Uniform Scheduling Order that was filed on March 22, 2007, be extended sixty (60) days.

Accordingly, the Scheduling Order is revised as follows:

1. The trial is set for January 4, 2008.

2. A pretrial conference is set for November 30, 2007.

3. All dispositive motions must be filed by June 29, 2007.

4. Counsel for all parties will conduct a face-to-face settlement conference on or before July 13, 2007.

5. All discovery must be completed by August 5, 2007.

6. Parties shall disclose to each other the identity of any person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and Rule 26(a)(2) Reports as follows:

    From the plaintiff - September 1, 2007

    From the defendants - October 2, 2007

7. On or before November 30, 2007, pursuant to Rule 26(a)(3), the parties will exchange witness lists, identify any part of a deposition or other document that it expects to use at trial, and furnish for copying and inspection all exhibits or tangible evidence to be used at the trial.

Date:_____    _____

                                                        U.S. DISTRICT COURT JUDGE