```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

ALMA T. McBROOM,                    *
    PLAINTIFF                       *

VS.                                 *  CIVIL ACTION NO. 2:06 CV767-F

JOHN E. POTTER, POSTMASTER          *
GENERAL UNITED STATES POSTAL        *
SERVICE; NATIONAL POSTAL            *
MAIL HANDLERS UNION; THE            *
MONTGOMERY ALABAMA AREA             *
LOCAL AMERICAN POSTAL WORKERS       *
UNION, AFL-CIO; and VANESSA         *
GORDON,                             *
    DEFENDANTS                      *

### REQUEST FOR ADMISSIONS

COMES NOW Defendant, CONNIE FREEMAN by and through Counsel and request Plaintiff admit or deny the following within 30 days after service of this request.

1. That the Local Union is not required to accompany, represent or file a grievance on your behalf pursuant to the Collective Bargaining Agreement in force at the relevant time complained of. Exhibit 1

2. That Vanessa Gordon did in fact accompany, represent you resulting in the document described as "Mutual Agreement" Defendant's Exhibit 2

3. That you failed to follow up or contact VANESSA GORDON after the "Mutual Agreement" was signed.

4. That you personally filed a grievance concerning your claim for compensation from the Postal Service.

5. That after December 31, 2004 you failed or refused to answer certified letters sent to you by your immediate supervisor concerning your alleged grievance.

6. That you in fact have not been determined to be totally disabled.

7. That you, in fact, could work.

3/29/07
DATE

/s/ William P. Roberts, II
SIGNATURE OF COUNSEL

COUNSEL FOR:
VANESSA GORDON
HOWELL, SARTO & HOWELL
P.O. Box 681864
147 E. Main St.
Prattville, AL 36068-1864
(334)365-2286

CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon the following by U. S. Mail, first class, postage pre-paid and through the Court's electronic filing system:

Debrorah Nicknson
2820 Fairlane Drive, A-10
Montgomery, AL 36116

Brenda C. Zwack
O'DONNELL, SCHWARTZ, & ANDERSON, P.C.
1300 L. Street NW, Suite 1200
Washington, DC 20005-4126

Patrick Nakamura
NAKAMURA, QUINN & WALLS LLP
2204 Lakeshore Drive, Suite 130
Birmingham, AL 35209

Dated: March 29, 2007        /s/ William P. Roberts, II

Defendant's Exhibit 1

# COLLECTIVE BARGAINING AGREEMENT

Between
American Postal Workers
Union, AFL-CIO

And
U.S. Postal Service

November 21, 2000
November 20, 2006



Defendant's Exhibit 1

Article 15.1

Section 9. Field Federal Safety and Health Councils

In those cities where Field Federal Safety and Health Councils exist, one representative of the Union who is on the Local Safety and Health Committee in an independent postal installation in that city and who serves as a member of such Councils, will be permitted to attend the meetings. Such employee will be excused from regularly assigned duties without loss of pay. Employer authorized payment as outlined above will be granted at the applicable straight time rate, provided the time spent in such meetings is a part of the employee's regular work day.

(The preceding Article, Article 14, shall apply to Transitional Employees)

## ARTICLE 15
## GRIEVANCE-ARBITRATION PROCEDURE

Section 1. Definition

A grievance is defined as a dispute, difference, disagreement or complaint between the parties related to wages, hours, and conditions of employment. A grievance shall include, but is not limited to, the complaint of an employee or of the Union which involves the interpretation, application of, or compliance with the provisions of this Agreement or any local Memorandum of Understanding not in conflict with this Agreement.

Section 2. Grievance Procedure Steps

Step 1:

(a) Any employee who feels aggrieved must discuss the grievance with the employee's immediate supervisor within

90

Defendant's Exhibit 1

Article 15.2 (Step 1)

fourteen (14) days of the date on which the employee or the Union first learned or may reasonably have been expected to have learned of its cause. The employee, if he or she so desires, may be accompanied and represented by the employee's steward or a Union representative. The Union also may initiate a grievance at Step 1 within 14 days of the date the Union first became aware of (or reasonably should have become aware of) the facts giving rise to the grievance. In such case the participation of an individual grievant is not required. A Step 1 Union grievance may involve a complaint affecting more than one employee in the office. When the Union files a class action grievance, Management will designate the appropriate employer representative responsible for handling such complaint.

(b) In any such discussion the supervisor shall have authority to settle the grievance. The steward or other Union representative likewise shall have authority to settle or withdraw the grievance in whole or in part. No resolution reached as a result of such discussion shall be a precedent for any purpose.

(c) If no resolution is reached as a result of such discussion, the supervisor shall render a decision orally stating the reasons for the decision. The supervisor's decision should be stated during the discussion, if possible, but in no event shall it be given to the Union representative (or the grievant, if no Union representative was requested) later than five (5) days thereafter unless the parties agree to extend the five (5) day period. Within five (5) days after the supervisor's decision, the supervisor shall, at the request of the Union representative, initial the standard grievance form that is used at Step 2 confirming the date upon which the decision was rendered.

(d) The Union shall be entitled to appeal an adverse decision to Step 2 of the grievance procedure within ten (10) days after receipt of the supervisor's decision. Such appeal

**Defendant's Exhibit 2**

## MUTUAL AGREEMENT

DATE:  October 8, 2004

ISSUE:  Clerk Alma McBroom was terminated from the United States Postal Service on September 13, 2004 and the APWU became aware of the termination on September 14, 2004.

In an effort to resolve this grievance at the lowest step possible it is mutually agreed that the grievance will be held in abeyance until the disability retirement papers have been processed and the final results of the disability is known by the parties.

_____
Vanessa Gordon
Customer Service Director
Montgomery, Alabama
APWU

_____
Jimmy Hughes
Station Manager
Cloverland Post Office
USPS

For your approval or agreement:
The date on which documentation was first requested was September 21. The grievance will be held in abeyance from that date until 12/31/04.

_____