UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ———————————————— ) | |
| ALMA T. MCBROOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:06-CV-767-MEF-SRW |
| ) | |
| JOHN E. POTTER, et al., ) | |
| ) | |
| Defendants. ) | |
| ———————————————— ) | |

**MOTION TO DISMISS WITHOUT PREJUDICE**
**UNDER RULES 37 (d) AND 41 (b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Introduction

Comes now defendant American Postal Workers Union, AFL-CIO ("APWU" or "National Union") and, in accordance with Rules 37 (d) and 41 (b) of the Federal Rules of Civil Procedure, respectfully moves this Court to issue an order sanctioning the plaintiff Alma McBroom with dismissal without prejudice of this action as a result of Ms. McBroom's asserted physical and mental inability to cooperate in discovery and her failure to prosecute this case.

As of the date of this motion, Ms. McBroom has refused to participate in written discovery or to comply with a subpoena commanding her presence at her deposition. Ms. McBroom's counsel has informed counsel for the APWU that Ms. McBroom is too physically and mentally incapacitated to participate in discovery at any time in the foreseeable future.

Under the current scheduling order, the parties' dispositive motions must be filed with the Court no later than April 30, 2007. As Ms. McBroom's counsel could not offer a date by which Ms. McBroom will be well enough to participate in discovery, the APWU would be placed in the impossible position of filing its dispositive motion without the benefit of any discovery from Ms. McBroom. For

this reason, the APWU requests that the Court issue an order dismissing this suit. Such a remedy would not prejudice Ms. McBroom in any way because the APWU will not object to her refiling the suit nunc pro tunc at a time when she is physically and mentally well enough to pursue her claims.

<u>Background</u>

On March 15, 2007, the APWU served Ms. McBroom, then pro se, with written discovery requests in the form of requests for interrogatories and for production of documents.

On April 2, 2007 APWU attorney Jennifer Ku emailed plaintiff Alma McBroom's newly appointed attorney Deborah Nickson to open a discussion about possible dates for Ms. McBroom's deposition. Declaration of Jennifer Ku, attached hereto as Attachment 1 ("Ku Dec.") at ¶ 2 and Ex. A attached thereto. On April 3, 3007, Ms. Ku called Ms. Nickson to discuss possible dates for her client's deposition. *Id*. Ms. Nickson responded that her client was not well and that she would get back to Ms. Ku in to discuss possible deposition dates after she speaks with her client next week. *Id*. As April 30, 2007, the date for submission of dispositive motions was fast approaching, the APWU did not find this response to be acceptable. *Id*. Following this conversation, Ms. Ku emailed Ms. Nickson several specific dates for an April deposition. *Id*. and Ex. B attached thereto. Ms. Nickson did not respond. *Id*.

On April 5, 2007, the APWU served Ms. McBroom's attorney with a notice of its intent to depose Ms. McBroom on April 18, 2007. *Id.* at ¶ 3 and Ex. C attached thereto. On April 6, 2007, on behalf of the APWU, a process server personally served Ms. McBroom with a subpoena commanding her appearance at the deposition on April 18, 2007. *Id.* at ¶ 4 and Exs. D and E attached thereto.

Despite having nearly two weeks notice of the deposition, Ms. Nickson did not attempt to contact the APWU until April 17, 2007, the day before the deposition was to take place. *Id*. at ¶ 6. On

April 16, 2007, Ms. Ku had left a phone message for Ms. Nickson to confirm the deposition. *Id*. On the morning of April 17, 2007, Ms. Nickson left a voice mail message for Ms. Ku in which she stated that she had received Ms. Ku's message, but was waiting to hear back from Ms. McBroom's doctor to find out if he would release her to participate in the deposition. *Id*. She suggested the parties should reset the date for the deposition and indicated that, if the doctor did not release McBroom, then she would not advise her client to appear at the deposition. *Id*. Ms. Nickson stated that, if Ms. McBroom's doctor did not release her, then she would provide the APWU with a medical certification. *Id*.

That morning Ms. Ku returned Ms. Nickson's call and left her a message reminding her that Ms. McBroom had received a subpoena and that she and undersigned counsel had plans to travel to Montgomery, Alabama that same day. *Id.* at ¶ 7.

At approximately 2:00 p.m., on April 17, shortly before the two APWU attorneys were to travel to the airport, Ms. Nickson again called Ms. Ku. *Id.* at ¶ 8. She informed Ms. Ku that Ms. McBroom's doctor had not released her to participate in the deposition. *Id.* Ms. Ku asked if that meant that Ms. McBroom did not intend to comply with the subpoena and appear for her scheduled deposition. *Id.* Ms. Nickson replied that Ms. McBroom would follow the doctor's recommendation. *Id.* Ms. Ku further asked Ms. Nickson why she had waited until the last minute to inform the APWU that it was likely that her client did not intend to appear for her deposition. *Id.* Ms. Nickson responded that she did not contact the APWU sooner because nothing had changed since March 21, 2007, when she requested an extension of time to respond to the APWU's pending motion to dismiss. *Id.*

Ms. Ku also asked Ms. Nickson whether Ms. McBroom intended to respond to the APWU's written discovery requests, the responses to which were due on April 18, 2007. *Id.* at ¶ 9. She responded that Ms. McBroom was not well enough to discuss the discovery requests with her attorney.

*Id.*

Following that telephone conversation, Ms. Ku faxed and emailed a letter to Ms. Nickson under her own and Ms. Zwack's signatures. *Id.* at ¶ 10 and Ex. F attached thereto. The letter memorialized Ms. Ku's understanding of her conversation with Ms. Nickson. *Id.* In the letter, she requested that Ms. Nickson provide medical certification for Ms. McBroom's asserted ailments. *Id.*

In response, Ms. Nickson provided the APWU with a letter from Dr. Joel McCloud. *Id.* at ¶ 11 and Ex. G attached thereto. This letter provided the following explanation of Ms. McBroom's ability to participate in this litigation:

> Ms. Alma McBroom is a patient in my care. She has a follow up appointment scheduled for April 23, 2007. She continues to receive aggressive medical, pharmacological, and pyschologic [sic] care for medical effects suffered as the result of an on the job injury on 8/2/2003. Despite these interventions, she remains with significant and debilitating physical and emotional pains, compounded by her loss of physical and financial independence du to inability to work, and provide for her single parent household. She now suffers from hypertension, worsening headaches and chest pains in addition to overwhelming feelings of marked anxiety and suppressed anger as a result of her "wrongful termination" following her injury. These combined with her now chronic low back pain render her very physically and emotionally fragile. **Her ability to see and obtain additional psychiatric care has been restricted by the Department of Labors [sic] refusal to pay for this much needed intervention. However, I think that it is in her best interest to receive this care before proceeding with more stressful legal proceedings.**

*Id.* (emphasis added).

Ms. McBroom has not indicated through her attorney whether she has any future plans to seek out this additional psychiatric care recommended by her physician as a prerequisite to her proceeding with legal proceedings. Ku Dec. at ¶ 12. Nevertheless, in her telephone conversation with Ms. Ku, Ms. Nickson insisted that Ms. McBroom would not proceed with the litigation until her doctor released her to do so. *Id.*

4

At no time prior to April 17, 2007, did Ms. Nickson attempt to reschedule the deposition. Similarly, she took no steps to file a motion to quash the subpoena. *Id.* at ¶ 6. Ms. Nickson did not so much as place a telephone call to APWU's counsel, prior to April 17, 2007, to inform the APWU that Ms. McBroom may not appear for her deposition. *Id.* This eleventh hour cancellation of the deposition, in defiance of the subpoena, cost the APWU significant financial hardship. *Id.* at ¶ 13. As the APWU is headquartered in Washington, D.C., two attorneys for APWU had planned to travel to Montgomery, Alabama for the deposition. *Id.* By the time Ms. McBroom informed the APWU through her attorney that she did not intend to appear for the deposition, it was already too late for counsel for APWU to cancel airline flights and hotel accommodations for a full refund. *Id.*

Ms. Nickson has indicated that Ms. McBroom is in no position to comply with the APWU's written discovery requests. *Id.* at ¶ 9. Ms. Nickson was unable to predict when Ms. McBroom may become well enough to appear for a deposition or to respond to the APWU's written discovery requests. *Id.* at ¶ 12.

According to the Court's scheduling order, most recently issued on March 22, 2007, the parties are to submit any dispositive motion by no later than April 30, 2007. Docket No. 52.

<u>Argument</u>

In this motion, the APWU requests that the Court dismiss this action without prejudice. The APWU makes this request, not in an effort to penalize the plaintiff, but to permit her the time she needs to sufficiently recover her physical and mental strength to prosecute this litigation. The dismissal of this action without prejudice will not compromise Ms. McBroom's legal rights in any way. The APWU agrees that, should Ms. McBroom wish to re-file her claim at a later date, it will not contest the timeliness of such re-filed claim upon any ground that it could not have contested the timeliness of the instant live claim.

5

Without the action of this Court the APWU will be forced into the impossible position of drafting a dispositive motion based on no facts other than those alleged in McBroom's pro se complaint. The APWU has timely requested written discovery and has attempted to depose Ms. McBroom after providing reasonable notice and service of a subpoena. Ms. McBroom has made clear, however, that she does not intend to cooperate in discovery at any time in the foreseeable future.

As plaintiff has made unequivocally clear, she does not currently intend to participate in this case. Ms. McBroom has expressed through her attorney that she intends to strictly comply with her doctor's recommendations. Her doctor has recommended that she not pursue litigation until receiving additional psychiatric care, care that according to her doctor's letter, she has no present means of affording. Continuation of this case without the plaintiff's participation does not serve the interests of justice and works only to frustrate the court's interest in efficiency.

Conclusion

For the foregoing reasons, the APWU respectfully requests that, as a result of the plaintiff's failure to comply with discovery and failure to prosecute this case, in accordance with Rules 37 (d) and 41 (b) of the Federal Rules of Civil Procedure, the Court dismiss the plaintiff's claims without prejudice.

Dated: April 20, 2007                    Respectfully submitted,

                                         O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                         By:___/s/ Brenda Zwack_____
                                            Brenda C. Zwack (D.C. No. 482673)
                                            *Admitted Pro Hac Vice*
                                            1300 L Street, NW, Suite 1200
                                            Washington, DC 20005-4126
                                            Tel (202) 898-1707/Fax (202) 682-9276
                                            bzwack@odsalaw.com

6

*Attorneys for the American Postal Workers Union,*
*AFL-CIO*

**Certificate of Service**

I hereby certify that I have this day caused the following people to be served by first class mail postage pre-paid and through the Court's electronic filing system with a copy of the foregoing Motion to Dismiss Without Prejudice Under Rules 37 (d) and 41 (b) of the Federal Rules of Civil Procedure; attached Declaration of Jennifer Ku with attached exhibits; and Proposed Order:


Deborah M. Nickson
2820 Fairlane Drive, Suite A-10
Montgomery, AL 36116

William Post Roberts, II
Howell, Sarto & Howell
P.O. Box 681864
147 E. Main Street
Prattville, AL 36067



Dated: April 20, 2007                     _____/s/: Brenda C. Zwack_____

8

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA T. MCBROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-CV-767-MEF-SRW |
| | ) | |
| JOHN E. POTTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF JENNIFER E. KU

I, Jennifer E. Ku, in lieu of an affidavit as permitted by 28 U.S.C. Section 1746, declare as follows:

1.      I am an attorney in the law firm of O'Donnell, Schwartz & Anderson, P.C., 1300 L Street, NW, Suite 1200, Washington, DC 20005. O'Donnell, Schwartz & Anderson, P.C. is General Counsel for the American Postal Workers Union, AFL-CIO ("APWU") and is lead counsel for the APWU in this case. I have not formally entered my appearance in this matter, but I have been working on the case with lead attorneys Anton Hajjar and Brenda Zwack.

2.      On April 2, 2007, I emailed plaintiff Alma McBroom's newly appointed attorney Deborah Nickson to open a discussion about possible dates for Ms. McBroom's deposition. A copy of this email message is attached hereto as Exhibit A. On April 3, 2007, I called plaintiff Ms. Nickson to discuss possible April dates for her client's deposition. Ms. Nickson responded that her client was not well and that she would get back to me to discuss possible deposition dates after she speaks with her client next week. As April 30, 2007, the date for submission of dispositive motions was fast approaching, I did not find this response to be acceptable. I emailed

ATTACHMENT 1

Ms. Nickson several specific dates for an April deposition, but she did not respond. A copy of this email is attached hereto as Exhibit B.

      3.     On April 5, 2007, Ms. Zwack, acting on behalf of the APWU, sent a notice to Ms. Nickson providing formal notice of APWU's intent to depose plaintiff Alma McBroom at 10:00 a.m. on Wednesday, April 18, 2007. A copy of this notice is attached hereto as Exhibit C.

      4.     The following day on April 6, at Ms. Zwack's direction, professional process server Glenn McDaniel personally served Ms. McBroom with a subpoena commanding her presence for a deposition on April 18, 2007. A copy of the subpoena and affidavit of service are attached hereto as Exhibits D and E respectively.

      5.     Ms. Zwack and I planned to travel from Washington, D.C. on the afternoon of April 17, 2007, to conduct the deposition the following morning. We both booked airfare and hotel rooms as well as the services of a court reporter.

      6.     Despite having nearly two weeks notice of the deposition, Ms. Nickson did not attempt to contact the APWU until April 17, 2007, the day before the deposition was to take place. On April 16, 2007, I had left a phone message for her to confirm the deposition. On the morning of April 17, 2007, I received a voice mail message from Ms. Nickson in which she told me that she had received my message, but was waiting to hear back from Ms. McBroom's doctor to find out if he would release her to participate in the deposition. She suggested we should reset the date for the deposition and indicated that, if the doctor did not release McBroom, then she would not advise her client to appear at the deposition. Ms. Nickson stated that, if Ms. McBroom's doctor did not release her, then she would provide the APWU with a medical certification.

2

7.      In response to this message, I returned Ms. Nickson's call and left a message with her receptionist reminding her that Ms. McBroom had received a subpoena and that Ms. Zwack and I had plans to travel to Montgomery, Alabama that same day.

8.      At approximately 2:00 p.m., on April 17, shortly before Ms. Zwack and I were to travel to the airport, Ms. Nickson returned my call. She informed me that Ms. McBroom's doctor had not released her to participate in the deposition. I asked if that meant that Ms. McBroom did not intend to comply with the subpoena and appear for her scheduled deposition. Ms. Nickson replied that Ms. McBroom would follow the doctor's recommendation. I asked Ms. Nickson why she had waited until the last minute to inform us that it was likely that her client did not intend to appear for her deposition. Ms. Nickson responded that she did not respond sooner because nothing had changed since March 21, 2007, when she requested an extension of time to respond to the APWU's pending motion to dismiss.

9.      I also asked Ms. Nickson whether Ms. McBroom intended to respond to the APWU's written discovery requests. She responded that Ms. McBroom was not well enough to discuss the discovery requests with her attorney.

10.      Following our telephone conversation, I faxed and emailed a letter to Ms. Nickson under my own signature as well as Ms. Zwack's. The letter memorialized my understanding of my conversation with Ms. Nickson. In the letter, I requested that Ms. Nickson provide medical certification for Ms. McBroom's asserted ailments. A copy of this letter is attached hereto as Exhibit. F.

11.      In response, Ms. Nickson provided me with a letter from Dr. Joel McCloud stating that Ms. McBroom suffered from a variety of physical and psychological ailments. Dr. McCloud

3

stated that Ms. McBroom needed additional psychiatric care that the Department of Labor had declined to pay for. Dr. McCloud concluded that, in his opinion, Ms. McBroom should not participate in "stressful legal proceedings" until such time as she receives this psychiatric care. A copy of this letter is attached thereto as Exhibit G.

12.    Ms. Nickson did not assure the APWU that Ms. McBroom was taking any steps to pursue this necessary psychiatric care that Dr. McCloud recommended as a prerequisite to her continued participation in her litigation. Nevertheless, in her telephone conversation with me Ms. Nickson insisted that Ms. McBroom would not proceed with the litigation until her doctor released her to do so.

13.    As a result of Ms. McBroom's late notice to the APWU that she did not intend to appear for her deposition, the APWU was unable to recoup the cost of the roundtrip airfare from Washington, D.C. to Montgomery, Alabama for myself and Ms. Zwack as well as the cost of the first night of reserved hotel accommodations for myself and Ms. Zwack.


I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2007.

Jennifer E. Ku

4

**From:** Jennifer Ku
**Sent:** Monday, April 02, 2007 4:15 PM
**To:** 'debnicks@bellsouth.net'
**Subject:** McBroom vs. Potter et al

**Importance:** High
Dear Ms. Nickson,

I am an attorney with the firm O'Donnell, Schwartz & Anderson, and we are representing the APWU in the above stated case. We would like to notice Ms. McBroom for deposition as soon as possible, and would like to consult with you about what date would be mutually agreeable for both parties. What dates between April 13th and 20th is Ms. McBroom available to be deposed?

Please give me a call if you have any questions: 202-898-1707.

Thank you,
Jennifer Ku.


Jennifer E. Ku
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W.
Suite 1200
Washington, DC 20005
(202) 898-1707

The information contained in this e-mail message is attorney-client privileged and confidential and is intended only for the use of the individual named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

EXHIBIT A

**From:** Jennifer Ku
**Sent:** Tuesday, April 03, 2007 12:29 PM
**To:** 'debnicks@bellsouth.net'
**Subject:** McBroom v. Potter et al

**Attachments:** Doc 1 Complaint.pdf
Ms. Nickson – Pursuant to our conversation, please find attached a copy of the filed complaint.

Also, when you speak with Ms. McBroom early next week, please let her know that any date, April 13, 2007, to April 20, 2007, is agreeable.

Thank you,
Jennifer Ku.

Jennifer E. Ku
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W.
Suite 1200
Washington, DC 20005
(202) 898-1707

The information contained in this e-mail message is attorney-client privileged and confidential and is intended only for the use of the individual named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

```
EXHIBIT  B
```

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA T. MCBROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-CV-767-MEF |
| | ) | |
| JOHN E. POTTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF DEPOSITION

To:  **Deborah M. Nickson**
     **Attorney at Law**
     **2820 Fairlane Drive, A-10**
     **Montgomery, AL 36116**

**YOU ARE HEREBY NOTIFIED** that, pursuant to Rules 26 and 30 of the Federal Rules of

Civil Procedure, counsel for defendant,  American Postal Workers Union, AFL-CIO, will take the

deposition upon oral examination of Plaintiff **Alma McBroom** before a notary public, or some other

officer or person authorized to administer oaths, on the **18th day of April, 2007, at 10:00 a.m. CST** at

Freedom Court Reporting, 416 South Perry Street, Belcher Insurance Building, Montgomery, AL

36102.  If this deposition is not completed on that date, it will be continued from time to time as may

be agreed upon by counsel until completed.

The deposition is being taken for the purpose of discovery, for use at trial, or both of the

foregoing, or for such other purposes as are permitted under the applicable and governing rules.

**EXHIBIT  C**

Date: April 4, 2007                          O'DONNELL, SCHWARTZ AND ANDERSON, P.C.

By: _____

Brenda Zwack (D.C. Bar No. 482673)
Admitted Pro Hac Vice
1300 L Street, N.W., Suite 1200
Washington, DC  20005
(202) 898-1707/Fax (202) 682-9276

2

## Certificate of Service

I hereby certify that I have this day caused the following people to be served by first class mail postage pre-paid with a copy of the foregoing Notice of Deposition (Alma McBroom):

      Deborah Moore Nickson
      2820 Fairlane Drive
      Suite A-10
      Montgomery, AL 36116

      William Post Roberts, II
      Howell, Sarto & Howell
      P.O. Box 681864
      147 E. Main Street
      Prattville, AL 36067

Dated: April 4, 2007

3

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____Middle_____    DISTRICT OF    _____Alabama_____

McBroom

V.

Potter et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-cv-00767-MEF-SRW

TO:   Alma T. McBroom

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Freedom Court Reporting, 416 South Perrty Street, Belcher Insurance Building, Montgomery, AL 36102 | DATE AND TIME   4/18/2007 10:00 am |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents that relate to or support your testimony or your allegations in this matter, including, but not limited to any documents pertaining to your disability and your employment with the United States Postal Service.

| PLACE   Freedom Court Reporting, 416 South Perrty Street, Belcher Insurance Building, Montgomery, AL 36102 | DATE AND TIME   4/18/2007 10:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Brenda Zwack, Attorney for Defendant APWU | DATE   4/5/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brenda Zwack, O'Donnell, Schwatz & Anderson, P.C., 1300 L Street, NW, Suite 1200, Washington, DC 20005
(202) 898-1707

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT  D**

**United States District Court**
**Northern District of Alabama**

McBroom                                        )  Case No.: 2:06CV00767-MEF-SRW
                                               )
                                               )
                                               )
                          Plaintiff            )
                       v.                      )
                                               )
Potter et al                                   )
                                               )
                                               )
                          Defendant            )

## AFFIDAVIT OF SERVICE

That I, ___Glenn McDaniel___ hereby solemnly affirms under the penalties of perjury and upon personal knowledge that the contents of the foregoing document are true and do affirm I am a competent person over 18 years of age and not a party to this action.

That I served: Alma T. McBroom with the following list of documents: Subpoena in a Civil Case by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with ___Alma T. McBroom___
Title/relationship: _Self_

That on _04/06/07_ at _4_ : _30_ AM/**PM** at the address of _921 Hugh Street_____ service was made by;
Montgomery, AL 36108

XX  **Personal Service**: By personally delivering the documents to the person being served.

__  Substitute Service: By leaving the documents at the dwelling house or usual place of abode of the person being served with a member of the household who stated they resided herein and was of suitable age and discretion, and was explained the general nature of the documents.

__  Corporate, Registered Agent or Legal Representative Service: By leaving with an officer, director or a person who stated they had authority to accept service of process for the above listed person or entity.

__  By affixing a true copy of each to the door of said premises, which is recipient's actual place of abode

Description: Skin: _B/K_ Sex: _F_ Age: _45_ Height _5'06_ Weight _140_ Hair: _B/K_ Glasses: _N_

X Military Service. Deponent asked the person spoken to whether the recipient was presently in military service of the United States or of the State in which they reside and was informed that the recipient was not.

I declare under penalties of perjury that the information contained herein is correct to the best of my knowledge.

Due Process
P.O. Box 2396
Columbia, MD 21045
(800) 228-0484

Executed on: _04/09/2007_

Subscribed and sworn to before me, a notary public, on this _9th_ day of _April_ , 2007.

Notary Public

My Commission Expires: 07/29/07

ID. 07-001248

---

## EXHIBIT  E

## O'Donnell, Schwartz & Anderson, P. C.
### Counselors at Law
1300 L Street, N. W., Suite 1200
Washington, D. C. 20005-4126

(202) 898-1707
FAX (202) 682-9276

DARRYL J. ANDERSON
MARTIN R. GANZGLASS
LEE W. JACKSON
ANTON G. HAJJAR*
RICHARD S. EDELMAN
PETER J. LEFF**
MELINDA K. HOLMES
DANIEL B. SMITH*
BRENDA C. ZWACK
JENNIFER L. WOOD**
JENNIFER E. KU†

* ALSO MD
** ALSO VA
† CA BAR ONLY

JOHN F. O'DONNELL
(1907-1993)
ASHER W. SCHWARTZ
(1911-2006)

1900 L Street, N. W.
Suite 800
Washington, D. C. 20036
(202) 898-1824



### BY FAX, EMAIL AND FIRST CLASS MAIL

Deborah M. Nickson
Attorney at Law
2820 Fairlane Drive, Suite A-10
Montgomery, AL 36116

April 17, 2007

     Re: <u>McBroom v. Potter et al</u>
        Case No. 2:06-cv-767-MEF-SRW

Dear Ms. Nickson:

     This letter is to memorialize our conversation that we had telephonically at approximately 2:00 p.m. EDT. You told me that Alma McBroom's doctor has not "released" her to participate in a deposition. You clarified for me that this did not mean that Ms. McBroom was at a hospital, but that the doctor does not feel Ms. McBroom is well enough to be "released" to participate in a deposition. I understand your position regarding the noticed and subpoenaed deposition of Ms. McBroom for tomorrow morning (April 18, 2007, at 10:00 a.m. CDT) is that Ms. McBroom "will follow doctor's orders" and does not plan to attend the deposition. You also told me that the reason you did not call me until today is because you did not have any new information about the doctor's position on Ms. McBroom.

     You also told me that you do not know when Ms. McBroom will be well enough to participate in any discovery proceedings, and that she has not been well enough to even speak to you at length about the case. In your voicemail to me this morning, you stated that you would provide the American Postal Workers Union, AFL-CIO ("APWU") with the doctor's certification regarding Ms. McBroom's health. I have not received any certification yet. Please provide the APWU with such certification without further delay. You have indicated to me that you can not provide a date certain when Ms. McBroom will be able to comply with the APWU's discovery requests or the prosecution of this case.

---

### EXHIBIT F

If you wish to discuss this matter further, please contact me.

Yours truly,

O'DONNELL, SCHWARTZ & ANDERSON, PC

By: _____
     Jennifer Ku
     1300 L Street, NW, Suite 1200
     Washington, DC 20005
     (202) 898-1707; FAX (202) 682-9276

By: _____
     Brenda Zwack
     1300 L Street, NW, Suite 1200
     Washington, DC 20005
     (202) 898-1707; FAX (202) 682-9276

cc: William Post Roberts, II



# *Mulberry Medical*
### *A s s o c i a t e s ,   P . C .*
**1301 Mulberry Street**
**Montgomery, AL  36106**
**(334) 265-6153**

*Internal Medicine*
*and Endocrinology*

*John A. Jernigan, M.D.*
*Joel McCloud, Jr., M.D.*
*Norman L. Taylor, M.D.*

April 17, 2007

RE: Alma McBroom

To Whom it May Concern:

Ms. Alma McBroom is a patient in my care. She has a follow up appointment scheduled for April 23, 2007. She continues to receive aggressive medical, pharmacologic, and psychologic care for medical effects suffered as a result of an on the job related injury on 8/2/2003. Despite these interventions, she remains with significant and debilitating physical and emotional pains, compounded by her loss of physical and financial independence due to inability to work, and provide for her single parent household. She now suffers from hypertension, worsening headaches and chest pains in addition to overwhelming feelings of marked anxiety and suppressed anger as a result of her "wrongful termination" following her injury. These combined with her now chronic low back pain render her very physically and emotionally fragile. Her ability to see and obtain additional psychiatric care has been restricted by the Department of Labors refusal to pay for this much needed intervention. However, I think that it is in her best interest to receive this care before proceeding with more stressful legal proceedings.

Sincerely,

Joel McCloud, M.D.
JM/mkt

```
EXHIBIT  G
```

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA T. MCBROOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 2:06-CV-767-MEF-SRW |
| | ) |
| JOHN E. POTTER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

UPON CONSIDERATION of the Motion to Dismiss Without Prejudice Under Rules 37 (d) and 41 (b) of the Federal Rules of Civil Procedure of the American Postal Workers Union, AFL-CIO;

IT IS ORDERED that the Motion to Dismiss Without Prejudice Under Rules 37 (d) and 41 (b) of the Federal Rules of Civil Procedure of the American Postal Workers Union, AFL-CIO, is HEREBY GRANTED.

The plaintiff's claims are dismissed without prejudice.

Date:_____          _____
                                        U.S. DISTRICT COURT JUDGE

Copies to:

Brenda C. Zwack                    Deborah M. Nickson
bzwack@odsalaw.com                 debnicks@bellsouth.net

William Post Roberts, II
WPRII@knology.net