UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ALMA T. MCBROOM,                        )
                                        )
                Plaintiff,              )
                                        )
        v.                              )    Civil Action No. 2:06-CV-767-MEF-SRW
                                        )
JOHN E. POTTER, et al.,                 )
                                        )
                Defendants.             )
_____ )

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS WITHOUT PREJUDICE
UNDER RULE 37(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Comes now, defendant American Postal Workers Union, AFL-CIO ("APWU" or "National Union") and, in accordance with the Court's April 24, 2007, order, submits the following supplemental brief in support of its April 20, 2007, motion to dismiss without prejudice.  Docket Entry Nos. 63, 64.

Introduction

Plaintiff Alma McBroom has failed to respond to any of the APWU's written discovery requests. Ms. McBroom has also failed to comply with a subpoena commanding her presence for her deposition. Counsel for the APWU has unsuccessfully attempted to get Ms. McBroom's counsel, Deborah Nickson to provide a date certain upon which Ms. McBroom will be available to participate in discovery.  Ms. Nickson has instead consistently responded that Ms. McBroom is too physically and mentally incapacitated to participate in discovery at any time in the foreseeable future.  In light of Ms. McBroom's continuing illness and her doctor's certification that she is physically and mentally

1

unprepared to participate in this litigation, the APWU respectfully requests, in accordance with Rule 37(d) of the Federal Rules of Civil Procedure that the Court dismiss Ms. McBroom's claims without prejudice.[1]

This remedy does not harm Ms. McBroom because she may refile her claim at a later date when she is physically and mentally prepared to actively participate in litigation.

<u>Background</u>

On March 15, 2007, the APWU served Ms. McBroom, then pro se, with written discovery requests in the form written interrogatories and requests for production of documents. Second Declaration of Jennifer Ku, attached hereto as Attachment 1 ("Ku Dec. II") at ¶¶ 2, 3 and Exs. A, B, and C attached thereto.

On April 2, 2007, APWU attorney Jennifer Ku emailed plaintiff Alma McBroom's newly appointed attorney Deborah Nickson to open a discussion about possible dates for Ms. McBroom's deposition. Ku Dec. II at ¶ 4 and Ex. D attached thereto. On April 3, 2007, Ms. Ku called Ms. Nickson to discuss possible dates for Ms. McBroom's deposition. *Id.* Ms. Nickson responded that her client was not well and that she would get back to Ms. Ku in a couple of weeks to discuss possible deposition dates. *Id.* As April 30, 2007, the date for submission of dispositive motions was fast approaching, the APWU did not find this response to be acceptable. *Id.* Following this conversation, Ms. Ku emailed Ms. Nickson several specific dates for an April deposition. *Id.* and Ex. E attached thereto. Ms. Nickson did not respond. *Id.*

On April 5, 2007, the APWU served Ms. McBroom's attorney with a notice of its intent to

---

[1]    In its motion to dismiss, filed on April 20, 2007, the APWU additionally asserted tha tdismissal would also be appropriate under Rule 41 of the FRCP because of the plaintiff's failure to prosecute. The APWU no longer wishes to pursue this alternate ground for dismissal.

depose Ms. McBroom on April 18, 2007.  *Id.* at ¶ 5 and Ex. F attached thereto.  On April 6, 2007, on

behalf of the APWU, a process server personally served Ms. McBroom with a subpoena commanding

her appearance at the deposition on April 18, 2007.  *Id.* at ¶ 6 and Exs. G and H attached thereto.

Despite having nearly two weeks notice of the deposition, Ms. Nickson did not attempt to

contact the APWU until April 17, 2007, the day before the deposition was to take place. *Id*. at ¶ 8.  On

April 16, 2007, Ms. Ku had left a phone message for Ms. Nickson to confirm the deposition.  *Id*.  On

the morning of April 17, 2007, Ms. Nickson left a voice mail message for Ms. Ku in which she stated

that she had received Ms. Ku's message, but was waiting to hear back from Ms. McBroom's doctor to

find out if he would release her to participate in the deposition.  *Id*.  She suggested the parties should

reset the date for the deposition and indicated that, if the doctor did not release McBroom, then she

would not advise her client to appear at the deposition.  *Id.*  Ms. Nickson stated that, if Ms. McBroom's

doctor did not release her, then she would provide the APWU with a medical certification.  *Id.*

That morning Ms. Ku returned Ms. Nickson's call and left her a message reminding her that Ms.

McBroom had received a subpoena and that she and undersigned counsel had plans to travel to

Montgomery, Alabama that same day.  *Id.* at ¶ 9.

At approximately 2:00 p.m., on April 17, shortly before the two APWU attorneys were to travel

to the airport, Ms. Nickson called Ms. Ku.  *Id.* at ¶ 10.  She informed Ms. Ku that Ms. McBroom's

doctor had not released her to participate in the deposition.  *Id.*  Ms. Ku asked if that meant that Ms.

McBroom did not intend to comply with the subpoena and appear for her scheduled deposition.  *Id.*

Ms. Nickson replied that Ms. McBroom would follow the doctor's recommendation.  *Id.*  Ms. Ku

further asked Ms. Nickson why she had waited until the last minute to inform the APWU that it was

likely that her client did not intend to appear for her deposition.  *Id.*  Ms. Nickson responded that she

3

did not contact the APWU sooner because nothing had changed since March 21, 2007, when she requested an extension of time to respond to the APWU's pending motion to dismiss. *Id.*

Ms. Ku also asked Ms. Nickson whether Ms. McBroom intended to respond to the APWU's written discovery requests, the responses to which were due on April 18, 2007. *Id.* at ¶ 11. She responded that Ms. McBroom was not well enough to discuss the discovery requests with her attorney. *Id.*

Following that telephone conversation, Ms. Ku faxed and emailed a letter to Ms. Nickson under her own and Ms. Zwack's signatures. *Id.* at ¶ 12 and Ex. I attached thereto. The letter memorialized Ms. Ku's understanding of her conversation with Ms. Nickson. *Id.* In the letter, she requested that Ms. Nickson provide medical certification for Ms. McBroom's asserted ailments. *Id.*

In response, Ms. Nickson provided the APWU with a letter from Dr. Joel McCloud. *Id.* at ¶ 13 and Ex. J attached thereto. This letter provided the following explanation of Ms. McBroom's inability to participate in this litigation:

> Ms. Alma McBroom is a patient in my care. She has a follow up appointment scheduled for April 23, 2007. She continues to receive aggressive medical, pharmacologic [sic], and pyschologic [sic] care for medical effects suffered as a result of an on the job related injury on 8/2/2003. Despite these interventions, she remains with significant and debilitating physical and emotional pains, compounded by her loss of physical and financial independence due to inability to work, and provide for her single parent household. She now suffers from hypertension, worsening headaches and chest pains in addition to overwhelming feelings of marked anxiety and suppressed anger as a result of her "wrongful termination" following her injury. These combined with her now chronic low back pain render her very physically and emotionally fragile. **Her ability to see and obtain additional psychiatric care has been restricted by the Department of Labors [sic] refusal to pay for this much needed intervention. However, I think that it is in her best interest to receive this care before proceeding with more stressful legal proceedings.**

*Id*. (emphasis added).[2]

Ms. McBroom has not indicated through her attorney whether she has any future plans to seek out this additional psychiatric care recommended by her physician as a prerequisite to her proceeding with legal proceedings. Ku Dec. II at ¶ 14. Nevertheless, in her telephone conversation with Ms. Ku, Ms. Nickson insisted that Ms. McBroom would not proceed with the litigation until her doctor released her to do so. *Id*.

At no time prior to April 17, 2007, did Ms. Nickson attempt to reschedule the deposition. Similarly, she took no steps to file a motion to quash the subpoena. *Id*. at ¶ 8. Ms. Nickson did not so much as place a telephone call to APWU's counsel, prior to April 17, 2007, to inform the APWU that Ms. McBroom may not appear for her deposition. *Id*. This eleventh hour cancellation of the deposition, in defiance of the subpoena, cost the APWU significant financial hardship. *Id*. at ¶ 15. As the APWU is headquartered in Washington, D.C., two attorneys for APWU had planned to travel to Montgomery, Alabama for the deposition. *Id*. By the time Ms. McBroom informed the APWU through her attorney that she did not intend to appear for the deposition, it was already too late for counsel for APWU to cancel airline flights and hotel accommodations for a full refund. *Id*.

Ms. Nickson has indicated that Ms. McBroom is in no position to comply with the APWU's written discovery requests. *Id.* at ¶ 11. Ms. Nickson was unable to predict when Ms. McBroom may become well enough to appear for a deposition or to respond to the APWU's written discovery requests.

---

[2]    This is the second letter explaining Ms. McBroom's inability to participate in this case. On March 21, 2007, Ms. Nickson, on Ms. McBroom's behalf, filed a request for an extension of time to file a response to the APWU's pending motion to dismiss, or in the alternative, for summary judgment. Docket Entry No. 49. In support of this motion, Ms. McBroom submitted a March 20, 2007, letter from Dr. McCloud. *Id.* This earlier letter was virtually identical to Dr. McCloud's letter of April 23, 2007.

*Id.* at ¶ 14.

On April 20, 2007, the National Union filed a motion to dismiss Ms. McBroom's claims without prejudice in order to allow Ms. McBroom to refile her claim at a time when she is physically and mentally prepared to participate in the case. Docket Entry No. 63. On April 24, 2007, the Court issued an order directing the APWU to submit a supplemental brief in support of this motion. Docket Entry No. 64.

On April 27, 2007, Ms. MsBroom, through counsel, filed a motion to continue or suspend all proceedings for 120 days "or until such time as her treating medical advisor releases her from his care." Docket Entry No. 66. Attached to Ms. McBroom's motion was a third letter from Dr. McCloud, providing in relevant part: "Due to ongoing/unresolved emotional lability[sic] and secondary anxiety neurosis, Ms. Alma McBroom should not participate in any stressful legal proceedings for the next 45-60 days." *Id*.

<u>Argument</u>

The APWU requests that the Court dismiss this action without prejudice. The APWU makes this request, not in an effort to penalize the plaintiff, but to permit her the time she needs to sufficiently recover her physical and mental strength to prosecute this litigation. The dismissal of this action without prejudice will not compromise Ms. McBroom's legal rights in any way. The APWU agrees that, should Ms. McBroom wish to refile her claim at a later date, it will not contest the timeliness of such refiled claim upon any ground that it could not have contested the timeliness of the instant live claim.

Under Rule 37(b)(2)(C), the Court has discretion to dismiss the plaintiff's claims as a sanction for failure to cooperate in the discovery process. Rule 37(d) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for production of documents under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d).  Rule 37(b)(2)(C) provides that the Court may, in its discretion, order dismissal as a sanction for a plaintiff's failure to comply with discovery.  Fed. R. Civ. P. 37(b)(2)(C).

_____Although other sanctions for a party's failure to comply with discovery requests are available under Rule 37, dismissal without prejudice is appropriate in this case.  Ms. McBroom herself contends that she is physically and mentally incapable of participating in discovery.  Specifically, she blames her failure to respond to written interrogatories and requests for the production of documents, as well as her failure to appear at her deposition, on the assertion that her "significant and debilitating physical and emotional pains" preclude her participation in litigation.  Attachment 1, Ex. J; Docket Entry No. 49.  As Ms. McBroom is currently unable to provide a date certain upon which she will be well enough to resume her participation in this litigation, dismissal without prejudice is appropriate.

Much of the case law addressing the appropriateness of dismissal as a sanction for failure to comply with discovery involves instances where the dismissal was with prejudice.  See, e.g., Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (dismissal was not an abuse of discretion where the district court found willful noncompliance with discovery orders); Hashemi v. Campaigner Publications Inc., 737 F.2d 1538, 1539 (11th Cir. 1984) (dismissal was an appropriate sanction for failure to appear at

scheduled depositions or adequately explain reasons for absence, where there were other failures to comply with discovery); Aztec Steel Co. v. Florida Steel Corp., 691 F.2d 480, 481-82 (11th Cir. 1982) (dismissal was not an abuse of discretion where a party has demonstrated a flagrant disregard for the court and the discovery process); Phillips v. Insurance Co. of North America, 633 F.2d 1165, 1167 (5th Cir. 1981) (the district court did not abuse its discretion for failing to order a less severe sanction than dismissal for appellant's failure to comply with discovery).[3]  Though such a severe sanction may be appropriate in this instance, the APWU is not asking the Court to order such a remedy.  Instead, the APWU seeks a dismissal without prejudice, and is willing to agree not to assert any timeliness defense in any  subsequent refiling of this suit that it could not have asserted in the original filing.  Thus, dismissal without prejudice would not harm Ms. McBroom in any way.  See Marshall v. Segona, 621 F.2d 763, 768 (5th Cir. 1980) (whether a party's preparation for trial was substantially prejudiced is a consideration in dismissing an action as a sanction for failing to comply with a discovery order).

The United States Court of Appeals for the Fifth Circuit has stated that "the language of Rule 37(d) makes clear that the application of sanctions is entrusted to the discretion of the trial judge, and that overleniency is to be avoided where it results in inadequate protection of discovery."  Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1126 (5th Cir. 1970); see also Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993) (under Rule 37, the district court has broad discretion to impose sanctions for discovery violations); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) (same).

---

[3]     The federal district courts of Alabama, Florida, and Georgia were originally part of the Fifth Circuit, but were split off to form the Eleventh Circuit effective October 1, 1981.  For this reason, Fifth Circuit decisions from before this split are considered binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981). Phillips v. Insurance Co. of North America was decided on January 8, 1981.

The sanction of dismissal is necessary in this case to protect the APWU's right to conduct discovery. Ms. McBroom has steadfastly refused to comply with any of the APWU's discovery requests. The APWU accepts that Ms. McBroom's refusal to cooperate may be because she is not well enough to meet these responsibilities. Nevertheless, the Union is paralyzed in its defense by Ms. McBroom's failure to cooperate. Even if the Court agrees to Ms. McBroom's motion for a 120 day continuance, the APWU will still be without the benefit of discovery and in the impossible position of drafting a dispositive motion based on no facts other than those alleged in McBroom's pro se complaint.

As such, the APWU is unfairly prejudiced by Ms. McBroom's inaction, and therefore begs the Court's intervention. As the Eleventh Circuit has repeatedly pointed out, Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. <u>Gratton v. Great American Communications</u>, 178 F.3d 1373, 1374 (11th Cir. 1999); <u>Aztec Steel Co. v. Florida Steel Corp.</u>, 691 F.2d 480, 482 (11th Cir. 1982).

Courts must grant sanctions under Rule 37(d) that are "just" to the situation. <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 707-08 (1982). Under these circumstances, dismissal without prejudice is the appropriate and just sanction. For this reason, the APWU requests that the Court issue an order dismissing this suit without prejudice.

<div align="center">Conclusion</div>

For the foregoing reasons, the APWU respectfully requests that, as a result of the plaintiff's failure to comply with discovery, in accordance with Rule 37(d) of the Federal Rules of Civil Procedure, the Court dismiss the plaintiff's claims without prejudice.

Dated: May 4, 2007                          Respectfully submitted,


                                            O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                            By: _____/s/ Brenda Zwack_____
                                                Brenda C. Zwack (D.C. No. 482673)
                                                *Admitted Pro Hac Vice*
                                                1300 L Street, NW, Suite 1200
                                                Washington, DC 20005-4126
                                                Tel (202) 898-1707/Fax (202) 682-9276
                                                bzwack@odsalaw.com


                                            *Attorneys for the American Postal Workers Union,*
                                            *AFL-CIO*


                                            10

**Certificate of Service**

I hereby certify that I have this day caused the following people to be served by first class mail postage pre-paid and through the Court's electronic filing system with a copy of the foregoing Defendant American Postal Workers Union, AFL-CIO's Supplemental Memorandum in Support of Motion to Dismiss Without Prejudice Under Rule 37(d) of the Federal Rules of Civil Procedure; and attached Second Declaration of Jennifer Ku with attached exhibits:

Deborah M. Nickson
2820 Fairlane Drive, Suite A-10
Montgomery, AL 36116

William Post Roberts, II
Howell, Sarto & Howell
P.O. Box 681864
147 E. Main Street
Prattville, AL 36067

Dated: May 4, 2007                      _____/s/: Brenda C. Zwack_____

11

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA T. MCBROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-CV-767-MEF-SRW |
| | ) | |
| JOHN E. POTTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SECOND DECLARATION OF JENNIFER E. KU

I, Jennifer E. Ku, in lieu of an affidavit as permitted by 28 U.S.C. Section 1746, declare

as follows:

1.      I am an attorney in the law firm of O'Donnell, Schwartz & Anderson, P.C., 1300

L Street, NW, Suite 1200, Washington, DC 20005. O'Donnell, Schwartz & Anderson, P.C. is

General Counsel for the American Postal Workers Union, AFL-CIO ("APWU") and is lead

counsel for the APWU in this case. I have not formally entered my appearance in this matter, but

I have been working on the case with lead attorneys Anton Hajjar and Brenda Zwack.

2.      On March 14, 2007, counsel for the APWU sent written interrogatories by first

class mail, postage pre-paid, to the plaintiff, Alma McBroom.  A copy of the written

interrogatories, and a photocopy of the postmarked envelope to Ms. McBroom is attached hereto

as Exhibits A and B respectively.

3.      On March 14, 2007, counsel for the APWU sent written requests for the

production of documents by first class mail, postage pre-paid, to the plaintiff, Alma McBroom.

They were sent in the same envelope as the written interrogatories.  A copy of the written request

**ATTACHMENT 1**

for the production of documents is attached hereto as Exhibit C.

4.  On April 2, 2007, I emailed plaintiff Alma McBroom's newly appointed attorney Deborah Nickson to open a discussion about possible dates for Ms. McBroom's deposition. A copy of this email message is attached hereto as Exhibit D. On April 3, 2007, I called plaintiff Ms. Nickson to discuss possible April dates for her client's deposition. Ms. Nickson responded that her client was not well and that she would get back to me to discuss possible deposition dates after she speaks with her client next week. As April 30, 2007, the date for submission of dispositive motions was fast approaching, I did not find this response to be acceptable. I emailed Ms. Nickson several specific dates for an April deposition, but she did not respond. A copy of this email is attached hereto as Exhibit E.

5.  On April 5, 2007, Ms. Zwack, acting on behalf of the APWU, sent a notice to Ms. Nickson providing formal notice of APWU's intent to depose plaintiff Alma McBroom at 10:00 a.m. on Wednesday, April 18, 2007. A copy of this notice is attached hereto as Exhibit F.

6.  The following day on April 6, at Ms. Zwack's direction, professional process server Glenn McDaniel personally served Ms. McBroom with a subpoena commanding her presence for a deposition on April 18, 2007. A copy of the subpoena and affidavit of service are attached hereto as Exhibits G and H respectively.

7.  Ms. Zwack and I planned to travel from Washington, D.C. on the afternoon of April 17, 2007, to conduct the deposition the following morning. We both booked airfare and hotel rooms as well as the services of a court reporter.

8.  Despite having nearly two weeks notice of the deposition, Ms. Nickson did not attempt to contact the APWU until April 17, 2007, the day before the deposition was to take

2

place. On April 16, 2007, I had left a phone message for her to confirm the deposition. On the

morning of April 17, 2007, I received a voice mail message from Ms. Nickson in which she told

me that she had received my message, but was waiting to hear back from Ms. McBroom's doctor

to find out if he would release her to participate in the deposition. She suggested we should reset

the date for the deposition and indicated that, if the doctor did not release McBroom, then she

would not advise her client to appear at the deposition. Ms. Nickson stated that, if Ms.

McBroom's doctor did not release her, then she would provide the APWU with a medical

certification.

9.      In response to this message, I returned Ms. Nickson's call and left a message with

her receptionist reminding her that Ms. McBroom had received a subpoena and that Ms. Zwack

and I had plans to travel to Montgomery, Alabama that same day.

10.     At approximately 2:00 p.m., on April 17, shortly before Ms. Zwack and I were to

travel to the airport, Ms. Nickson returned my call. She informed me that Ms. McBroom's

doctor had not released her to participate in the deposition. I asked if that meant that Ms.

McBroom did not intend to comply with the subpoena and appear for her scheduled deposition.

Ms. Nickson replied that Ms. McBroom would follow the doctor's recommendation. I asked Ms.

Nickson why she had waited until the last minute to inform us that it was likely that her client did

not intend to appear for her deposition. Ms. Nickson responded that she did not respond sooner

because nothing had changed since March 21, 2007, when she requested an extension of time to

respond to the APWU's pending motion to dismiss.

11.     I also asked Ms. Nickson whether Ms. McBroom intended to respond to the

APWU's written discovery requests. She responded that Ms. McBroom was not well enough to

3

discuss the discovery requests with her attorney.

12.     Following our telephone conversation, I faxed and emailed a letter to Ms. Nickson under my own signature as well as Ms. Zwack's. The letter memorialized my understanding of my conversation with Ms. Nickson. In the letter, I requested that Ms. Nickson provide medical certification for Ms. McBroom's asserted ailments. A copy of this letter is attached hereto as Exhibit. I.

13.     In response, Ms. Nickson provided me with a letter from Dr. Joel McCloud stating that Ms. McBroom suffered from a variety of physical and psychological ailments. Dr. McCloud stated that Ms. McBroom needed additional psychiatric care that the Department of Labor had declined to pay for. Dr. McCloud concluded that, in his opinion, Ms. McBroom should not participate in "stressful legal proceedings" until such time as she receives this psychiatric care. A copy of this letter is attached thereto as Exhibit J.

14.     Ms. Nickson did not assure the APWU that Ms. McBroom was taking any steps to pursue this necessary psychiatric care that Dr. McCloud recommended as a prerequisite to her continued participation in her litigation. Nevertheless, in her telephone conversation with me Ms. Nickson insisted that Ms. McBroom would not proceed with the litigation until her doctor released her to do so.

15.     As a result of Ms. McBroom's late notice to the APWU that she did not intend to appear for her deposition, the APWU was unable to recoup the cost of the roundtrip airfare from Washington, D.C. to Montgomery, Alabama for myself and Ms. Zwack as well as the cost of the first night of reserved hotel accommodations for myself and Ms. Zwack.

4

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 4, 2007.

Jennifer E. Ku

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA T. McBROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No.** |
| v. | ) | **2:06-CV-767-MEF-SRW** |
| | ) | |
| JOHN E. POTTER, et al | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST SET OF INTERROGATORIES OF DEFENDANT
## AMERICAN POSTAL WORKERS UNION, AFL-CIO TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the American Postal Workers Union, AFL-CIO, ("the APWU"), by and through its undersigned attorneys, hereby demands that the plaintiff answer the following Interrogatories under oath in writing within thirty (30) days of service of these Interrogatories.

### A.    INSTRUCTIONS

1.    In answering these Interrogatories, furnish all information that is available or may be discovered by you, including information in the possession of your attorneys or investigators for your attorneys.

1

**EXHIBIT A**

2.    If you cannot answer the following Interrogatories in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specifying your inability to answer and the reasons for such inability to answer the remainder, and state whatever information, documentation or knowledge you have concerning the unanswered portions.

3.    The Interrogatories that follow are to be regarded as continuing. You are requested to provide, by way of supplementary answers thereto, such additional information and documentation as you, or any person on your behalf, may hereinafter obtain that will augment or otherwise modify your answers now given to the Interrogatories below. Such supplementary responses are to be served upon counsel for the APWU, within ten (10) days after receipt of such information.

4.    When in these Interrogatories you are asked to state the date on which some incident or event occurred, provide the day, month and year, if known; if the day is not known, provide the month or season along with the year; if month and/or year is not known, identify the date by relating it to some established time.

5.    Each Interrogatory is to be answered separately and in writing.

6.    If a claim of privilege is asserted as to any information sought or document for which an identification and/or description is requested by these Interrogatories, please (1) identify such information or document with sufficient particularity to allow the APWU to bring this matter before the Court; (2) state the nature of the privilege asserted; and (3) state in detail the factual basis for the claim of privilege.

2

## B.    DEFINITIONS

The following words and/or phrases shall have the meanings assigned to them in the context of these Interrogatories:

1.    "Document" or "documents" means: any written, recorded, filed or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, news releases, electronic mail, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith. These shall also include but not be limited to originals and all copies which are different in any way from the original whether by interlineation, receipt, stamp, notification, indication of copies sent or received, or otherwise, and drafts, which are in the possession, custody or control of the plaintiff, or in the possession, custody or control of the present or former agents, representatives, employees, officers or attorneys of said plaintiff, or any and all persons acting on her behalf, including documents at any time in the possession, custody or control of such individuals or entities who are known by the plaintiff to exist.

2.    The words "you" and "your" or "plaintiff" shall refer to Alma McBroom and shall specifically include any individual or organization acting on plaintiff's behalf.

3.    As used herein, the term "describe" or "describe in detail" shall mean to:

    a.    Describe fully by reference to underlying facts; and

3

      b.      Particularize as to (a) times; (b) places; and (c) persons.

4.      The term "identify" as used herein in connection with a "person" or "persons" shall mean to state his/her:

      a.      Full name (or if not known, his/her job title or position and employer, or if no other identification is possible, provide a sufficient description so that he/she will be identifiable to the recipients of your answer);

      b.      Title;

      c.      Present position and affiliation;

      d.      The person for whom he/she was representing or acting;

      e.      Present (or last known, with indication of the date of last knowledge) business address and telephone number; and

      f.      Present (or last known, with indication of the date of last knowledge) residence address and telephone number.

5.      The term "identify" when used with reference to a document shall mean to:

      a.      State the type of document (e.g., memorandum, application, letter, etc.);

      b.      Set forth its date;

      c.      Identify the author (and, if different, the originator and signer);

      d.      Set forth the title, heading or other designation, numerical or otherwise, of the document;

      e.      Identify the persons (or if widely distributed, set forth the organization or class of persons) to whom the document was sent;

      f.      Set forth the present or last known location of the document and of each copy thereof having notations or markings unique to such copy;

4

g.      Describe and set forth the substance of the document;

h.      If any such document was, but no longer is, in your possession or subject
to your control, state the disposition and date thereof; and

I.      If you are no longer in possession of the original or a copy, furnish the
name and address of the custodian of the original or copy.

6.      As used herein, the words "record" or "records" shall include any regular, formal
or not formal, official or not official memorandum or written preservation of an event, actions
taken and details thereof, inquired into here. A copy of the "record" is preferred; giving the
substance of such "record" will suffice where a copy is not available.

7.      The term "identify" when used with reference to an oral statement, conversation
or conference, shall mean to:

a.      Identify the persons making such statement, the person to whom the
statement was made, and all other persons present at the time of each
statement;

b.      State the date and time of such statement, conversation or conference;

c.      State the place where such statement, conversation or conference was
held;

d.      If by telephone, identify the persons participating in the telephone call, the
person making the call and state the place where the persons participating
in the telephone call were located;

e.      Describe in detail the substance of each statement, conversation or
conference.

8.      The term "identify" when used in reference to an "act" shall mean to:

5

    a.      State the date, time and place of the act;

    b.      Identify the person acting;

    c.      Identify the person for whom the act was performed;

    d.      Identify the person against whom the act was directed;

    e.      Identify all witnesses to the act; and

    f.      Describe in detail the act.

9.     As used herein, "communication" or "communications" means any transmission or exchange of information which transmission or exchange was written or oral, formal or informal, regarding any event, action taken or policy herein inquired into.

10.    As used herein, the terms "officers," "agents," "employees" and any other such designation means any person serving at any relevant time in any such capacity, even though no longer serving in that capacity.

11.    The term "person" means any individual, corporation, partnership, professional corporation, joint venture, firm, association or other such entity.

12.    Whenever the context in which words are used in these Interrogatories indicates or suggests that such is the intent, words in the singular shall include the plural and vice versa, and words in the masculine, feminine or neuter shall include each other. Each of the words "and" and "or" are both conjunctive and disjunctive as used herein; the word "including" means including without limitation; the word "all" means "any and all;" and the word "any" means "any and all."

6

## C.    INTERROGATORIES

**Interrogatory #1**:  Identify each and every person known to you or your attorneys who has

knowledge regarding any of the facts and circumstances relevant to the subject matter of this

litigation and specify in detail the substance of the facts of which that person has knowledge.  In

each instance in which you believe the person you identify was acting as an agent of the

defendant, state in detail the facts upon which you base your belief.

**Interrogatory #2**:  Please set forth with specificity every grievance that you have filed as an

employee of the United States Postal Service ("Postal Service"), and/or every grievance that has

been filed involving you, since August 2, 2003.  In order to be responsive to the interrogatory,

the information listed should include, but not be limited to, the grievance number; the date(s) that

the grievance was filed; what Step the grievance is currently at; the factual situation that led to

the grievance; the collective bargaining agreement provision(s) alleged to have been violated;

any union steward(s) handling the grievance; any union representative(s) involved in handling

the grievance; the Postal Service representative(s) involved in the grievance; and the resolution

of the grievance.

**Interrogatory #3**:    Describe in detail any grievances you requested any union steward or representative to file involving some or all of the facts giving rise to this lawsuit and state the provision of the collective bargaining agreement that you believe had been violated by the Postal Service.  State the dates and times of these requests, whether these requests were made orally or in writing, identify any other people who were present when the requests were made, the response of the union steward or representative, and which grievances were filed and which were not filed.  Specify the names of any supervisors or other employees who had knowledge of the subject of the requested grievances, and the outcome of any grievances filed on your behalf.

**Interrogatory #4**:    Describe in detail the full conversation during which Vanessa Gordon allegedly told you that a grievance would be filed involving the events that are at the basis of this lawsuit.  Please include the date, time, and location of the conversation and whether others were present.

**Interrogatory #5**:    Describe in detail the next contact or attempted contact you had after the conversation identified in Interrogatory #4 with any union steward or representative or Postal Service representative regarding the subject matter forming the basis of this lawsuit. Please include any attempts that were made verbally, in writing, by telephone, or electronically.

**Interrogatory #6**: Describe the circumstances of your alleged on-the-job injury. In order to be responsive to the interrogatory, the information listed should include, but not be limited to, the circumstances surrounding the injury; the date, time, and location of the injury; what specific activity you were doing when the injury happened; the supervisor that directed you to do that activity; whether you had done this activity before; whether this activity was a normal part of your job duties; any witnesses to the incident; whether other people were engaged in the same activity; and what, if anything you did in response to the injury.

**Interrogatory #7**:    Identify all individuals who you believe may have handled the grievance challenging your termination and/or the Postal Service's failure to pay your disability compensation.

**Interrogatory #8:** Describe in detail all attempts or inquiries that you made to learn about the status of any grievance mentioned in your response to Interrogatory No. 3.  In order to be responsive to this Interrogatory, you must set forth the date, time, method of communication, individuals approached, as well as the outcome of your efforts.  Describe what information you learned about your grievance from each such encounter.

**Interrogatory #9:** Describe in detail any and all actions that you believe the APWU should have taken in order to fulfill its duty of fair representation.

**Interrogatory #10:** If you are no longer employed by the Postal Service, indicate the last date that you worked for the Postal Service; the last day you received compensation from the Postal Service; and the date you were formally removed from the Postal Service's payroll.

**Interrogatory #11:** State all of the damages you have suffered as the result of any action or inaction by the APWU. Please identify any documents you may have used to calculate these damages.

**Interrogatory #12:** State all facts known to you that support your claim that the APWU's actions were arbitrary.

**Interrogatory #13:** State all facts known to you that support your claim that the APWU's actions were discriminatory.

11

**Interrogatory #14:** State all facts known to you that support your claim that the APWU acted in bad faith.

**Interrogatory #15:**    Please describe how you believe that the Postal Service breached the collective bargaining agreement.  Please identify any specific provisions of the collective bargaining agreement that you believe that Postal Service has violated.

**Interrogatory #16:**    Please identify and describe in detail any disability related to this lawsuit. In order to be responsive to this interrogatory, you should specify the nature and cause of your condition; when it began and how long it has lasted; whether your disability is physical and/or mental; what medical treatment you have received for this condition; whether you are currently or have previously been prescribed medication related to your condition; what medication you have been prescribed or have taken; what external devices, if any, you are using or have used to cope with your disability; and what impediment your disability presents to a major bodily function that is necessary for your normal daily activities.  For each condition, identify and

12

provide the address and telephone number of each medical professional (identifying the

profession and qualifications of each) and all medical records associated with that condition,

including but not limited to work restrictions or accommodations.

**Interrogatory #17**:    Identify and quantify all payments, lump sum or otherwise, that you

received since August 2, 2003, including but not limited to settlement agreements,

unemployment, disability, social security, insurance, worker's compensation and/or welfare

benefits, and describe the circumstances of each benefit, including the dates you received

payments and the amount of each payment.  Please identify the source of the payments and, if

applicable, with whom you made any settlement agreement.

**Interrogatory #18**:    Please identify any individual(s) that assisted you in filing any disability

claims on or after August 2, 2003.  In order to be responsive to this interrogatory, you should

describe how the individual(s) assisted you, including all contacts that you had with such

individuals; all efforts that such individuals took on your behalf; and the impact or outcome of

this assistance.

**Interrogatory #19**:    Identify and describe each and every job that you have held since August 2, 2003, including, dates employed, job title, name of employer, job location, rate of pay and any benefits received from the job including, but not limited to, overtime, health insurance, life insurance, disability insurance and/or retirement.

**Interrogatory #20**:    Identify any other source of income, not identified in Interrogatory No. 17 and No. 19 that you have received since August 2, 2003.  State where the income came from and quantify the amount of income received.

**Interrogatory #21**:    Identify and describe every attempt you have made to mitigate any damages that you claim to have suffered as a result of any actions of the APWU.  In order to be responsive to this interrogatory, you should list any and all jobs that you have applied for since you were terminated by the Postal Service.

14

Dated: *MARCH 14, 2007*

Yours Truly,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: _Brenda C. Zwack_

Brenda C. Zwack (D.C. Bar No. 482673)
*Admitted Pro Hac Vice*
1300 L Street NW Suite 1200
Washington, DC 20005-4126
(202) 898-1707/FAX (202) 682-9276
bzwack@odsalaw.com

*Attorneys for the American Postal Workers Union, AFL-CIO*

15

**Certificate of Service**

I hereby certify that I have this day caused the following people to be served by first-class

mail postage pre-paid with a copy of the foregoing Defendants American Postal Workers Union,

AFL-CIO's First Set of Interrogatories to Plaintiff:

> William Post Roberts, II
> HOWELL, SARTO, & HOWELL
> 147 E. Main Street
> Prattville, AL 36067
>
> Alma T. McBroom
> Pro Se Plaintiff
> 921 Hugh Street
> Montgomery, AL 36108

Dated: *March 14, 2007*                    *Brenda C. Zwack*
                                            Brenda C. Zwack

16



US POSTAGE
$1.359
0044J8304G466
03/14/2007
Mailed From 20005
neopost

O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W.
Suite 1200
Washington, D.C. 20005

To:

ALMA T. McBROOM
921 HUGH ST
MONTGOMERY AL 36108

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA T. McBROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:06-CV-767-MEF-SRW |
| | ) | |
| JOHN E. POTTER, et al | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF OF THE DEFENDANT AMERICAN POSTAL WORKERS UNION, AFL-CIO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the American Postal Workers Union, AFL-CIO ("the APWU"), by and through their undersigned attorneys, hereby demand that the plaintiff produce the following documents for inspection and copying at the law offices of O'DONNELL, SCHWARTZ & ANDERSON, P.C., 1300 L Street NW, Suite 1200, Washington, D.C. 20005 within thirty (30) days of service of these requests, and that she serve a written response to each item of the request in the manner prescribed by Rule 34.

A.    **INSTRUCTIONS**

1.    In responding to these Requests for the Production of Documents, furnish all information that is available or may be discovered by you, including information in the possession of your attorneys or investigators for your attorneys.

1

EXHIBIT  C

2.     If you cannot answer the following Requests for the Production of Documents in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specifying your inability to answer and the reasons for such inability to answer the remainder, and state whatever information, documentation or knowledge you have concerning the unanswered portions.

3.     The Requests for the Production of Documents that follow are to be regarded as continuing. You are requested to provide, by way of supplementary answers thereto, such additional information and documentation as you, or any person on your behalf, may hereinafter obtain that will augment or otherwise modify your answers now given to the Requests for the Production of Documents below. Such supplementary responses are to be served upon counsel for the APWU within ten (10) days after receipt of such information.

4.     Each Request for the Production of Documents is to be answered separately.

5.     If a claim of privilege is asserted as to any information sought by these Requests for the Production of Documents, please (1) identify such information or document with sufficient particularity to allow the APWU to bring this matter before the Court; (2) state the nature of the privilege asserted; and (3) state in detail the factual basis for the claim of privilege.

**B.     DEFINITIONS**

The following words and/or phrases shall have the meanings assigned to them in the context of these Requests for the Production of Documents:

1.     "Document" or "documents" means: any written, recorded, filed or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes,

2

minutes, records, photographs, correspondence, telegrams, news releases, electronic mail,

diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports,

studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements,

books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral

conversations, work papers, and other writings or documentary material of any nature

whatsoever, together with any attachments thereto and enclosures therewith. These shall also

include but not be limited to originals and all copies which are different in any way from the

original whether by interlineation, receipt, stamp, notification, indication of copies sent or

received, or otherwise, and drafts, which are in the possession, custody or control of the plaintiff,

or in the possession, custody or control of the present or former agents, representatives,

employees, officers or attorneys of said plaintiff, or any and all persons acting on her behalf,

including documents at any time in the possession, custody or control of such individuals or

entities who are known by the plaintiff to exist.

2.    The words "you" and "your" or "plaintiff" shall refer to Alma McBroom, and

shall specifically include any individual or organization acting on the plaintiff's behalf.

3.    If any document responsive to any of the foregoing Requests for the Production of

Documents was, but no longer is, in your possession or subject to your control, state the

disposition and date thereof, and if you are no longer in possession of the original or a copy,

furnish the name and address of the custodian of the original or copy.

4.    As used herein, the words "record" or "records" shall include any regular, formal

or not formal, official or not official memorandum or written preservation of an event, actions

taken and details thereof, inquired into here. A copy of the "record" is preferred; giving the

substance of such "record" will suffice where a copy is not available.

3

5.      As used herein, the terms "officers," "agents," "employees" and any other such designation means any person serving at any relevant time in any such capacity, even though no longer serving in that capacity.

6.      The term "person" means any individual, corporation, partnership, professional corporation, joint venture, firm, association or other such entity.

7.      Whenever the context in which words are used in these Requests for the Production of Documents indicates or suggests that such is the intent, words in the singular shall include the plural and vice versa, and words in the masculine, feminine or neuter shall include each other. Each of the words "and" and "or" are both conjunctive and disjunctive as used herein; the word "including" means including without limitation; the word "all" means "any and all;" and the word "any" means "any and all."


## C.      REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST 1

All documents identified in your Answers to First Set of Interrogatories to Plaintiff of the American Postal Workers Union, AFL-CIO.


### REQUEST 2

All documents utilized and/or reviewed by you in answering the First Set of Interrogatories to Plaintiff of the American Postal Workers Union, AFL-CIO.

**REQUEST 3**

  All documents that support the facts alleged in your complaint.

**REQUEST 4**

  All documents that support the allegation that the actions of the APWU were arbitrary, discriminatory, or taken in bad faith.

**REQUEST 5**

  All documents that support the allegation that the United States Postal Service ("Postal Service") breached the collective bargaining agreement.

**REQUEST 6**

  All documents that support the allegation that you are entitled to a monetary relief.

5

**REQUEST 7**

All documents pertaining to any claim you have filed with any governmental agencies, including the Office of Workers Compensation Program ("OWCP") that involve some or all of the facts giving rise to this lawsuit.

**REQUEST 8**

All documents or correspondence given to you by any of the agencies identified in Request 7.

**REQUEST 9**

All documents that support the allegation that the APWU violated its duty of fair representation.

**REQUEST 10**

All of your medical records after August 2, 2003.

**REQUEST 11**

All documents or correspondence pertaining to any disability claims filed on your behalf with the OWCP after August 2, 2003.

**REQUEST 12**

All settlement agreements between you made and any entity or individual in regard to any claim relating to the disability mentioned in your complaint.

**REQUEST 13**

All payment stubs from the Postal Service, or any other employer after August 2, 2003.

**REQUEST 14**

Copies of all documents comprising your official personnel file.

7

**REQUEST 15**

All settlement agreements with any entity or individual in full or partial resolution of any grievance filed on your behalf.

**REQUEST 16**

All evidence of payments, either in lump sum or by installment that you have received in relation to your disability. Such documents may include pay stubs, receipts, tax documents, and any other documents listing the payment amounts.

**REQUEST 17**

All documents that you or anyone else on your behalf has submitted to the APWU or the Postal Service, or to any other person or entity that relate to the subject matter of this litigation. This includes documents submitted to entities such as the National Labor Relations Board and internal departments of the Postal Service.

**REQUEST 18**

Any and all claims filed with the National Labor Relations Board ("Board").  To be responsive to this request, please include a copy of your affidavit, affidavits by any other individuals submitted in support or against your claim, any evidence you provided to the Board, all correspondence from you to the Board; all correspondence from the Board to you, any and all decisions and orders, and any other documents that were used in relation to the claim.

**REQUEST 19**

All documents that you have received from the APWU, the Postal Service, or from any other person or entity, that relate to or are relevant to the subject matter of this litigation.

**REQUEST 20**

All correspondence or notes, written or electronic, that evidence communication between you and the APWU regarding your grievance.

**REQUEST 21**

All federal, state and local tax records that include the time period from August 2, 2003, to the present.

**REQUEST 22**

All evidence upon which you intend to rely at the time of trial including but not limited to video and/or audio tapes, photographs, reports, and medical reports.

Dated: *March 14, 2007*

Yours Truly,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: _Brenda C. Zwack_
Brenda C. Zwack (D.C. Bar No. 482673) *by pml*
*Admitted Pro Hac Vice*
1300 L Street NW Suite 1200
Washington, DC 20005-4126
(202) 898-1707/FAX (202) 682-9276
bzwack@odsalaw.com

*Attorneys for the American Postal Workers Union, AFL-CIO*

10

**Certificate of Service**

I hereby certify that I have this day caused the following people to be served by first-class

mail postage pre-paid with a copy of the foregoing Defendants American Postal Workers Union,

AFL-CIO's First Set of Document Requests to Plaintiff:

>William Post Roberts, II
>HOWELL, SARTO, & HOWELL
>147 E. Main Street
>Prattville, AL 36067
>
>Alma T. McBroom
>Pro Se Plaintiff
>921 Hugh Street
>Montgomery, AL 36108

Dated: March 14, 2007

Brenda C. Zwack
Brenda C. Zwack

11

**From:** Jennifer Ku
**Sent:** Monday, April 02, 2007 4:15 PM
**To:** 'debnicks@bellsouth.net'
**Subject:** McBroom vs. Potter et al

**Importance:** High
Dear Ms. Nickson,

I am an attorney with the firm O'Donnell, Schwartz & Anderson, and we are representing the APWU in the above stated case. We would like to notice Ms. McBroom for deposition as soon as possible, and would like to consult with you about what date would be mutually agreeable for both parties. What dates between April 13th and 20th is Ms. McBroom available to be deposed?

Please give me a call if you have any questions: 202-898-1707.

Thank you,
Jennifer Ku.


Jennifer E. Ku
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W.
Suite 1200
Washington, DC 20005
(202) 898-1707

The information contained in this e-mail message is attorney-client privileged and confidential and is intended only for the use of the individual named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

EXHIBIT D

**From:** Jennifer Ku
**Sent:** Tuesday, April 03, 2007 12:29 PM
**To:** 'dcbnicks@bellsouth.net'
**Subject:** McBroom v. Potter et al

**Attachments:** Doc 1 Complaint.pdf
Ms. Nickson -- Pursuant to our conversation, please find attached a copy of the filed complaint.

Also, when you speak with Ms. McBroom early next week, please let her know that any date, April 13, 2007, to April 20, 2007, is agreeable.

Thank you,
Jennifer Ku.

Jennifer E. Ku
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W.
Suite 1200
Washington, DC 20005
(202) 898-1707

The information contained in this e-mail message is attorney-client privileged and
confidential and is intended only for the use of the individual named above. If the
reader of this message is not the intended recipient or the employee or agent
responsible to deliver to the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is strictly
prohibited.

---

**EXHIBIT E**

---

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA T. MCBROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-CV-767-MEF |
| | ) | |
| JOHN E. POTTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF DEPOSITION

To:    **Deborah M. Nickson**
       **Attorney at Law**
       **2820 Fairlane Drive, A-10**
       **Montgomery, AL 36116**

    **YOU ARE HEREBY NOTIFIED** that, pursuant to Rules 26 and 30 of the Federal Rules of

Civil Procedure, counsel for defendant, American Postal Workers Union, AFL-CIO, will take the

deposition upon oral examination of Plaintiff **Alma McBroom** before a notary public, or some other

officer or person authorized to administer oaths, on the **18th day of April, 2007, at 10:00 a.m. CST** at

Freedom Court Reporting, 416 South Perry Street, Belcher Insurance Building, Montgomery, AL

36102. If this deposition is not completed on that date, it will be continued from time to time as may

be agreed upon by counsel until completed.

    The deposition is being taken for the purpose of discovery, for use at trial, or both of the

foregoing, or for such other purposes as are permitted under the applicable and governing rules.

**EXHIBIT F**

Date: April 4, 2007                    O'DONNELL, SCHWARTZ AND ANDERSON, P.C.

By: _____

Brenda Zwack (D.C. Bar No. 482673)
Admitted Pro Hac Vice
1300 L Street, N.W., Suite 1200
Washington, DC 20005
(202) 898-1707/Fax (202) 682-9276

2

## Certificate of Service

I hereby certify that I have this day caused the following people to be served by first class mail postage pre-paid with a copy of the foregoing Notice of Deposition (Alma McBroom):

> Deborah Moore Nickson
> 2820 Fairlane Drive
> Suite A-10
> Montgomery, AL 36116

> William Post Roberts, II
> Howell, Sarto & Howell
> P.O. Box 681864
> 147 E. Main Street
> Prattville, AL 36067

Dated: April 4, 2007

3

SAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Middle _____ DISTRICT OF _____ Alabama

McBroom

V.

Potter et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-cv-00767-MEF-SRW

TO:  Alma T. McBroom

☐  **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Freedom Court Reporting, 416 South Perrty Street, Belcher Insurance Building, Montgomery, AL 36102 | DATE AND TIME  4/18/2007 10:00 am |
|---|---|

☑  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents that relate to or support your testimony or your allegations in this matter, including, but not limited to any documents pertaining to your disability and your employment with the United States Postal Service.

| PLACE  Freedom Court Reporting, 416 South Perrty Street, Belcher Insurance Building, Montgomery, AL 36102 | DATE AND TIME  4/18/2007 10:00 am |
|---|---|

☐  **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  4/5/2007 |
|---|---|

Brenda Zwack, Attorney for Defendant APWU

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brenda Zwack, O'Donnell, Schwatz & Anderson, P.C., 1300 L Street, NW, Suite 1200, Washington, DC 20005 (202) 898-1707

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT G**

**United States District Court**
**Northern District of Alabama**

McBroom                                     )  Case No.: 2:06CV00767-MEF-SRW
                                            )
                                            )
                         Plaintiff          )
                    v.                      )
Potter et al                                )
                                            )
                                            )
                        Defendant           )

### AFFIDAVIT OF SERVICE

That I, __Glenn McDaniel__ hereby solemnly affirms under the penalties of perjury and upon personal knowledge that the contents of the foregoing document are true and do affirm I am a competent person over 18 years of age and not a party to this action.

That I served: Alma T. McBroom with the following list of documents: Subpoena in a Civil Case by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with __Alma T. McBroom__ Title/relationship: __Self__

That on __04/06/07__ at __4 : 30__AM/PM at the address of __921 Hugh Street__ service was made by; __Montgomery, AL 36108__

__XX__ Personal Service: By personally delivering the documents to the person being served.

__ __ Substitute Service: By leaving the documents at the dwelling house or usual place of abode of the person being served with a member of the household who stated they resided herein and was of suitable age and discretion, and was explained the general nature of the documents.

__ __ Corporate, Registered Agent or Legal Representative Service: By leaving with an officer, director or a person who stated they had authority to accept service of process for the above listed person or entity.

__ __ By affixing a true copy of each to the door of said premises, which is recipient's actual place of abode

Description:  Skin: __B/K__ Sex: __F__ Age: __45__ Height: __5'06__ Weight: __140__ Hair: __B/K__ Glasses: __N__

__X__ Military Service. Deponent asked the person spoken to whether the recipient was presently in military service of the United States or of the State in which they reside and was informed that the recipient was not.

I declare under penalties of perjury that the information contained herein is correct to the best of my knowledge.

Executed on: __04/09/2007__

Due Process
P.O. Box 2396
Columbia, MD 21045
(800) 228-0484

Subscribed and sworn to before me, a notary public, on this __9th__ day of __April__ , 2007.

Notary Public

My Commission Expires: __07/29/07__

ID. 07-001248

**EXHIBIT  H**

*O'Donnell, Schwartz & Anderson, P.C.*

*Counselors at Law*

*1300 L Street, N.W., Suite 1200*

*Washington, D.C. 20005-4126*

(202) 898-1707

FAX (202) 682-9276



DARRYL J. ANDERSON
MARTIN R. GANZGLASS
LEE W. JACKSON
ANTON G. HAJJAR*
RICHARD S. EDELMAN
PETER J. LEFF**
MELINDA K. HOLMES
DANIEL B. SMITH*
BRENDA C. ZWACK
JENNIFER L. WOOD**
JENNIFER E. KU†

* ALSO MD
** ALSO VA
† CA BAR ONLY

JOHN F. O'DONNELL
(1907-1993)
ASHER W. SCHWARTZ
(1911-2006)

*1300 L Street, N.W.*

*Suite 800*

*Washington, D.C. 20036*

(202) 898-1824

**BY FAX, EMAIL AND FIRST CLASS MAIL**

Deborah M. Nickson
Attorney at Law
2820 Fairlane Drive, Suite A-10
Montgomery, AL 36116

April 17, 2007

Re: <u>McBroom v. Potter et al</u>
    Case No. 2:06-cv-767-MEF-SRW

Dear Ms. Nickson:

       This letter is to memorialize our conversation that we had telephonically at approximately 2:00 p.m. EDT. You told me that Alma McBroom's doctor has not "released" her to participate in a deposition. You clarified for me that this did not mean that Ms. McBroom was at a hospital, but that the doctor does not feel Ms. McBroom is well enough to be "released" to participate in a deposition. I understand your position regarding the noticed and subpoenaed deposition of Ms. McBroom for tomorrow morning (April 18, 2007, at 10:00 a.m. CDT) is that Ms. McBroom "will follow doctor's orders" and does not plan to attend the deposition. You also told me that the reason you did not call me until today is because you did not have any new information about the doctor's position on Ms. McBroom.

       You also told me that you do not know when Ms. McBroom will be well enough to participate in any discovery proceedings, and that she has not been well enough to even speak to you at length about the case. In your voicemail to me this morning, you stated that you would provide the American Postal Workers Union, AFL-CIO ("APWU") with the doctor's certification regarding Ms. McBroom's health. I have not received any certification yet. Please provide the APWU with such certification without further delay. You have indicated to me that you can not provide a date certain when Ms. McBroom will be able to comply with the APWU's discovery requests or the prosecution of this case.

<div style="border:2px solid black; text-align:center;">

**EXHIBIT  I**

</div>

If you wish to discuss this matter further, please contact me.

Yours truly,

O'DONNELL, SCHWARTZ & ANDERSON, PC

By: _____
        Jennifer Ku
        1300 L Street, NW, Suite 1200
        Washington, DC 20005
        (202) 898-1707; FAX (202) 682-9276

By: _____
        Brenda Zwack
        1300 L Street, NW, Suite 1200
        Washington, DC 20005
        (202) 898-1707; FAX (202) 682-9276

cc: William Post Roberts, II



# Mulberry Medical
### Associates, P.C.
**1301 Mulberry Street**
**Montgomery, AL 36106**
**(334) 265-6153**

*Internal Medicine*
*and Endocrinology*

*John A. Jernigan, M.D.*
*Joel McCloud, Jr., M.D.*
*Norman L. Taylor, M.D.*

April 17, 2007

RE: Alma McBroom

To Whom it May Concern:

Ms. Alma McBroom is a patient in my care. She has a follow up appointment scheduled for April 23, 2007. She continues to receive aggressive medical, pharmacologic, and psychologic care for medical effects suffered as a result of an on the job related injury on 8/2/2003. Despite these interventions, she remains with significant and debilitating physical and emotional pains, compounded by her loss of physical and financial independence due to inability to work, and provide for her single parent household. She now suffers from hypertension, worsening headaches and chest pains in addition to overwhelming feelings of marked anxiety and suppressed anger as a result of her "wrongful termination" following her injury. These combined with her now chronic low back pain render her very physically and emotionally fragile. Her ability to see and obtain additional psychiatric care has been restricted by the Department of Labors refusal to pay for this much needed intervention. However, I think that it is in her best interest to receive this care before proceeding with more stressful legal proceedings.

Sincerely,

Joel McCloud, M.D.
JM/mki

EXHIBIT J