IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA T. MCBROOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv767-MEF(WO) |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| United States Postal Service, et al. ) | |
| ) | |
| Defendants. ) | |

**MOTION TO RECONSIDER MOTION TO CONTINUE OR SUPEND**

Comes Now Plaintiff, Alma T. McBroom by and through her attorney of record and moves this Court to reconsider its Order dated May 7, 2007, denying the Motion to Continue or Suspend or continue this action. As grounds therefore movant states the following:

1. Plaintiff is being treated for physical and psychological ailments and as such is in the opinion of her treating physician unable to endure the stress of a legal proceeding at this time. (See attached)

2. A continuance or suspension of the proceeding in this action will not prejudice the defendant.

3. In further support thereof, Ms. McBroom states that Federal Rules of Civil Procedure Rule 25(b) provides that "(b) Incompetency. If a party becomes incompetent, the court upon motion served as provided in subdivision (a) of this rule may allow the action to be continued by or against the party's representative."

As noted in 35A C.J.S. Federal Civil Procedure § 206 "If a party to an action in a federal court becomes incompetent, the court, on proper motion, is authorized to allow the action to be continued by or against his or her representative.

If a party becomes incompetent, the court, upon motion served as provided, is authorized to allow the action to be continued by or against the party's representative. Where an action has been instituted for an incompetent by a guardian ad litem and a legal guardian is subsequently appointed, the legal guardian can rightfully be substituted in the place of the guardian ad litem." (Footnotes Omitted)

In this case, the incompetence of Ms. McBroom is documented by the attachments to the initial Motion. Because of the nature of this case, it would not be feasible to have a legal guardian to represent Ms. McBroom. Additionally there does not appear to be any prejudice to the defendants for a continuance.

Based on the above, the Movant prays that this Court would withdraw its denial of the Motion to Continue or Suspend and grant the Motion.

Respectfully submitted on this the 10 day of May, 2007.

Deborah M. Nickson,
Attorney for Plaintiff McBroom

OF COUNSEL:
Deborah M. Nickson
2820 Fairlane Dr. Suite A-10
Montgomery, AL 36116
334-213-1233

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Motion To Reconsider Motion to Continue or Suspend on all counsel of record by placing a copy of the same in the United States Mail, envelope properly address, postage prepaid on this the ___10th___ day of May, 2007.

Anton Hajjar, Esq., & Brenda C. Zwack
O'Donnell, Schwartz & Anderson
1300 L Street, NW, Suite 1200
Washington, DC 2000-4126

William Post Roberts, II
Howell, Sarto, & Howell
147 E. Main Street
Prattville, Alabama 36067

_____
Deborah M. Nickson
Attorney for Plaintiff McBroom

*Mulberry Medical*
*Associates, P.C.*
1301 Mulberry Street
Montgomery, AL  36106
(334) 265-6153



*Internal Medicine*
*and Endocrinology*

*John A. Jernigan, M.D.*
*Joel McCloud, Jr., M.D.*
*Norman L. Taylor, M.D.*

April 24, 2007

RE: Ms. Alma McBroom

To Whom It May Concern;

Due to ongoing/unresolved emotional lability and secondary anxiety neurosis, Ms. Alma McBroom should not participate in any stressful legal proceedings for the next 45-60 days.

Sincerely,

Joel McCloud, M.D.
JM/mkt