IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA T. MCBROOM, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO.: 2:06-cv-767-MEF-SRW |
| | ) |
| JOHN E. POTTER, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Reconsider Motion to Continue or Suspend (Doc. # 73) filed on May 10, 2007 by counsel for Plaintiff. For the reasons set forth below, the motion is due to be DENIED.

### **PROCEDURAL HISTORY**

On August 25, 2006, Alma T. McBroom ("Plaintiff") filed this lawsuit seeking compensatory and punitive damages. At the time she initiated this legal action, Plaintiff was proceeding *pro se*. She did not obtain the representation of counsel until March of 2007.

Plaintiff sued the Postmaster General of the United States, the American Postal Workers Union AFLCIO ("the Union") and its local chapter, and the local chapter of the Union's shop steward, Vanessa Gordon. Plaintiff alleges that she was formerly employed by the United States Postal Service ("the Postal Service") in Montgomery, Alabama. Plaintiff alleges that she injured her back while on duty as an employee of the Postal Service in August of 2003. Plaintiff complains that she was effectively terminated by the Postal

Service and that she has not been able to work since September of 2003. Her complaints against the Union stem from her discovery that it has not pursued a grievance on her behalf as it allegedly told her it would do. In September of 2006, Plaintiff filed an amendment to the complaint correcting the name of the Union.

In November of 2006, the Postmaster General of the United States filed a motion to dismiss Plaintiff's claims against him. In December of 2006, Plaintiff filed a brief in opposition to this motion. The Magistrate Judge assigned to the case reviewed the motion and the opposition to the motion and recommended that the motion be granted. On January 3, 2007, Plaintiff filed an objection to that recommendation, in which she cited legal precedent. On January 4, 2007, Plaintiff filed a supplement to her objection. Ultimately, this Court overruled Plaintiff's objections and dismissed her claims against the Postmaster General of the United States.

On February 1, 2007, Plaintiff appeared at a status conference before the Magistrate Judge. At this status conference, scheduling issues were discussed. Plaintiff indicated her desire to file another amended complaint. The Magistrate Judge directed her to do so by no later than February 7, 2007.[1] Plaintiff stated that she was seeking counsel to represent her. The minutes of the proceeding (Doc. # 37) do not indicate that Plaintiff raised any concern about her physical or mental health allowing her to proceed with this lawsuit at this status

---

[1] Plaintiff did not file any motion for leave to amend or any further amendment to the complaint by this deadline.

conference.

The Union filed a motion to dismiss, or in the alternative, motion for summary judgment on February 20, 2007. The Magistrate Judge entered an Order directing Plaintiff to file her response to this motion by no later than March 23, 2007.

On March 21, 2007, counsel for Plaintiff filed a combination notice of appearance and motion for continuance. Plaintiff's counsel sought a sixty day extension of the March 23, 2007 deadline for Plaintiff's opposition to the Union's dispositive motion. As grounds for this continuance, Plaintiff's counsel noted that she had only just begun representing Plaintiff and needed time to review the file. Additionally, Plaintiff's counsel noted that Plaintiff was "still physically and emotionally suffering" from injuries she received during her employment with the Postal Service (prior to September of 2003). Plaintiff's counsel attached an unsworn letter[2] dated March 20, 2007, from Plaintiff's doctor concerning Plaintiff's health. Plaintiff's counsel characterizes this letter as indicating that Plaintiff is unable to assist Plaintiff's counsel in preparing a response to the dispositive motion. In fact, the letter states that Plaintiff has hypertension, worsening headaches, chest pains, overwhelming feelings of marked anxiety, suppressed anger, chronic low back pain. In this letter, Plaintiff's doctor characterizes Plaintiff as "physically and emotionally fragile," and he states that he thinks

---

[2] While Plaintiff's counsel incorrectly identifies this letter as an "affidavit," it is quite clear that the document is neither an affidavit nor a declaration. It is merely an unsworn document purporting to be a letter from a Dr. Joel McCloud. The stationery identifies Dr. McCloud as practicing in Montgomery in a group that specializes in internal medicine and endocrinology.

that it is in her best interest to receive additional psychiatric care before she proceeds with "more stressful legal proceedings."

The Court granted the requested sixty day continuance. Plaintiff's response to the Union's dispositive motion was extended to May 21, 2007. On March 22, 2007, the case was set for trial in November of 2007.[3] The Union began trying to conduct discovery. Plaintiff resisted the Union's efforts. On April 20, 2007, the Union filed a motion seeking the dismissal of this case without prejudice due to Plaintiff's inability or unwillingness to proceed. On April 24, 2007, the Court directed counsel for Plaintiff to file a response to this motion by no later than May 14, 2007, a mere week before the end of the sixty day extension Plaintiff's counsel had requested and received for her response to the Union's dispositive motion.

On April 27, 2007, Plaintiff's counsel filed a motion to continue or suspend. Plaintiff's counsel asked that all proceedings in this matter be continued or suspended for one hundred and twenty days or until Plaintiff's treating medical advisor releases her from his care. Attached to this motion was another letter from Dr. McCloud, addressed "To Whom It May Concern" and dated April 24, 2007. The letter simply said "[d]ue to ongoing/unresolved emotional lability and secondary anxiety neurosis, Ms. Alma McBroom should not participate in any stressful legal proceedings for the next 45-60 days." On May

---

[3] The Uniform Scheduling Order of March 22, 2007 set a number of deadlines. Importantly, Plaintiff's counsel failed to object to any of them.

7, 2007, the Court entered an Order denying the April 27, 2007 motion to continue or suspend.

Interestingly, on April 27, 2007, Plaintiff's counsel also filed a motion seeking to dismiss without prejudice Plaintiff's claims against Vanessa Gordon. The Court denied this motion because it failed to comply with Federal Rule of Civil Procedure 41, but gave Plaintiff's counsel a May 11, 2007 deadline for filing a corrected motion or a joint stipulation of dismissal. As of the date of this Order, Plaintiff's counsel has not done either.

On May 10, 2007, Plaintiff's counsel filed a "Motion to Reconsider Motion to Continue or Supend [sic]" (Doc. # 73). In this motion, Plaintiff's counsel argues for the first time that Plaintiff is incompetent to proceed. As evidence of this incompetence, Plaintiff's counsel attaches a copy of the rather meager April 24, 2007 letter from Dr. McCloud. Plaintiff's counsel properly notes that when a party to litigation becomes incompetent during the litigation, a court is authorized to continue the proceedings or to allow a representative to stand in for the incompetent party. *See* Fed. R. Civ. P. 25(b). Based on this new argument, Plaintiff's counsel asks this Court to withdraw its denial of the Motion to Continue or Suspend and grant the six month extension of time she sought in that motion.

## DISCUSSION

This Court is faced with a rather odd situation. On the one hand, the Court has had the opportunity to observe Plaintiff in court as recently as February of 2007 and to review her written submissions in this case in January of 2007 and earlier when she was proceeding *pro*

*se*. Nothing in that experience would cause the Court to suspect that Plaintiff was incompetent as that turn is used in Federal Rule of Civil Procedure 25(b). On the other hand, Plaintiff's newly retained counsel seeks a lengthy continuance of this case based on scant medical information which at best establishes that Plaintiff has physical and emotional problems for which she is currently receiving medical treatment and that her doctor does not think that stress would be helpful to those conditions. Having failed at obtaining a second continuance of this case, Plaintiff's counsel now argues that Plaintiff's condition is so dire as to constitute incompetence under Federal Rule of Civil Procedure 25(b). On the basis of the record before it, the Court cannot agree with that assessment. In his unsworn, unaddressed letter, Dr. McCloud most recently indicates that for the next 45 to 60 days Plaintiff should not participate in any stressful legal proceedings because she has changeable emotional states and anxiety. This is *not* an adequate basis for establishing that Plaintiff is incompetent. Indeed, Plaintiff's counsel's own conduct belies a belief that Plaintiff is incompetent. At the same time that Plaintiff's counsel was providing the Court with the letter on which she now bases that contention, Plaintiff's counsel was filing a motion to dismiss part of the claims in this lawsuit. If Plaintiff's counsel did so while believing that her client was incompetent, that would constitute a serious ethical breach.

It appears from the two letters from Dr. McCloud that Plaintiff has suffered conditions similar to those she is now experiencing since her injury and loss of employment in 2003. Despite the difficulties these conditions create for her, she was able to file the instant lawsuit,

6

respond appropriately to court imposed deadlines by submitting legal arguments, and appear when directed by the Court. While it is true that the stress of participating in this litigation may be making her life more difficult, Plaintiff chose this path when she initiated this legal action. Moreover, based on Dr. McCloud's letters it appears that at least some of Plaintiff's stress comes not from this litigation, but from the circumstances of her life.[4]

Having come this far with her case, Plaintiff cannot now indefinitely suspend the progress of this litigation especially when it is not at all clear that time will improve her ability to assist with the prosecution of this action. Moreover, the Court is convinced that the next logical issue for it to consider is the Motion to Dismiss Without Prejudice (Doc. # 63). It seems to the Court that Plaintiff's counsel is well aware of the facts necessary to formulate a response to this motion and that her client's condition creates no impediment to her ability to conduct the legal research necessary for her to formulate a coherent response to it.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) The Motion to Reconsider Motion to Continue or Supend [sic] (Doc. # 73) is DENIED.

(2) Plaintiff's response to the Motion to Dismiss Without Prejudice (Doc. #63) was due to be filed no later than May 14, 2007. It may be that due to the pendency of the Motion

---

[4] Plaintiff's allegations in this lawsuit clearly place the blame for at least some of the unfortunate circumstances in her life on the defendants to this lawsuit. If she is correct, the sole way to obtain whatever relief might be available to her is to proceed with this action.

to Continue or Suspend or the Motion to Reconsider, Plaintiff's counsel has failed to formulate her response. To the extent that Plaintiff's counsel is not prepared to file her response before midnight on May 14, 2007, she must seek leave of court to file the response out of time. **Any such motion for leave to file out of time shall be submitted with the proposed response by no later than May 18, 2007.**

DONE this the 14th day of May, 2007.

                                    /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE