UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA T. MCBROOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-CV-767-MEF-SRW |
| | ) |
| JOHN E. POTTER, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO AMERICAN POSTAL WORKER'S UNION AFL-CIO'S MOTION TO DISMISS WITHOUT PREJUDICE

Comes now the plaintiff, Alma T. McBroom, and in opposition to the Motion to Dismiss filed by Defendant Postal Workers Union, (hereafter, "APWU") submit this brief in opposition thereto on the following grounds:

*Introduction*

Ms. McBroom is presently under the care of a doctor for treatment of physical and psychological ailment that is in the opinion of doctor is the direct result of injury that she received while working with the postal service and the treatment that she received following the injury. Dr. McCloud has opined that Ms. McBroom should not participate in stressful legal proceeding until she receives further psychiatric care. Because, I, the legal counsel for Ms. McBroom is not qualified to render an opinion regarding the physical or psychological fitness of anyone to participate in a legal proceeding I must rely on individuals who are experts in those areas. As such, I requested an updated opinion from Dr. McCloud and until I received his updated opinion, I could not definitely request a postponement of the deposition or any other aspect of this case.    As to Ms. McBroom condition, the movant had prior notice because her condition was one of the basis for an earlier continuance in this action. Despite their knowledge

of Ms. McBroom's condition, which had not changed, the movant scheduled her deposition for April 18, 2007. The undersigned requested an update of Dr. McCloud's opinion of Ms. McBroom's condition. Plaintiff McBroom reported that the update would be provided by, on or before April 12, 2007. When the update was not received by this office, this Attorney was advised that Dr. McCloud was very busy but he would provide the same on Friday, April 13, 2007. As on April 16, 2007, the update was not received and on the morning of April 17 at approximately 7:25 a.m., Ms. Ku was informed that the Doctor had not updated his opinion to release Ms. McBroom's for deposition. (See Exhibit 1). I also advised Ms. Ku that I expected the update from the Doctor on the 17th and upon receipt I would fax her a copy. In essence, Ms. McBroom's doctor had not released her and therefore she could not be deposed. This information was faxed to Ms. Ku. Ms. Ku has intentionally failed to tell this Court that this undersigned Attorney first contact with her office on April 17th was at 7:25 a.m. which was sufficient enough time to make adjustments in their flights. In fact, this Attorney followed up with a fax that is attached hereto and which cofirms that Ms. Ku received the fax prior at 9:00 a.m. is also attached. (See Exhibit 2). Again, there was no response from Ms. Ku in regards to the fax. Since I had not heard from her, I called her at approximately 12:55 p.m. (see Exhibit 3) at which time Ms. Ku had elected not to respond to my 9:00 a.m. fax but instead proceeded to try to come to Montgomery knowing that the Plaintiff's medical update had not been received by this Attorney's office. Again, I expressed to Ms. Ku that the Plaintiff was already psychologically and physically damaged and that as counsel if I overrode a Doctor's opinion which I am not qualified to do so that I as an Attorney stand to be a possible defendant as well.

As the legal counsel for Ms. McBroom, my actions were not done with the intent to unduly delay or cause additional expense for other party to this action. In essence, if the Doctor

had released her, I would have presented her for depositions. Ms. Ku had the same medical information regarding the condition of the Plaintiff that I had at the time that Ms. Ku scheduled depositions of the Plaintiff. Ms. Ku received my message by fax and telephone on April 17, 2007 in a timely manner but did not respond back to my office. Ms. Ku made no response to my fax I sent to her prior to 9:00 a.m. on the 17th. Proof that Ms. Ku received the fax is attached. As Ms. Ku is well aware, I had to follow-up with her office at 12:55 p.m. on the same date because she did not respond to my fax regarding the status of Ms. McBroom.

*Argument*

We submit that this Court should consider the opinion in *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1282 (11th Cir, 2007) in speaking to the factors a court must consider in dismissing a case without prejudice . In that case, the Court wrote:

"The district court's decision to dismiss this case without prejudice for failure to timely effect service was premature, as it did not clearly consider, after finding that the plaintiffs failed to demonstrate good cause, whether a permissive extension of time was warranted under the facts of this case. Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor."

To avoid the issue of the running of the statute of limitation, the most appropriate remedy in this case is to place it on the administrative docket with periodic reports from Ms. McBroom's physician regarding her suitability to assist in the legal proceeding. There is precedent for placing cases on the administrative docket in this District. See, *Spurlock v. Life Ins. Co. of Va.*, (Not Reported in F.Supp.2d), 2000 WL 1785300(M.D.Ala., 2000) ; *Employer's Reinsurance*

*Corp. v. Dillon*, 179 F.Supp.2d 1371 (M.D.Ala. 2001); and *Harris v. Palm Harbor Homes, Inc.*, 198 F.Supp.2d 1303 (M.D.Ala. 2002).

Sanctions

Sanctions available for failing to comply with discovery order are predicated on presence of such factors as willful disobedience, gross indifference to right of adverse party, deliberate carelessness, or gross negligence and are not predicated on party's failure to satisfy fully requirements of production order when failure was due to inability fostered neither by party's conduct nor by circumstances within party's control. *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858. (C.A.5th, 1970). It is undisputed that Ms. McBroom was and still is unable to participate in the discovery process because of her physical or psychological ailment. There is no evidence of the factors enumerated in *Dorsey*, therefore, sanctions should not be imposed.

In the case at hand, the Attorney for Plaintiff exercised due diligence in attempting to make the Plaintiff available for depositions in that this Plaintiff sought an update from the Plaintiff's Doctor regarding the Plaintiff's condition. This Attorney was delayed due to the Doctor office's delay. This Attorney advised Attorney Ku prior at 7:30 a.m. and followed up with a fax prior to 9:00 a.m.. Ms. Ku chose not to correspond back with this Attorney and attempted to travel to Montgomery in spite of the dilemma. The circumstances that exist is beyond the control of the Plaintiff and this Attorney. Neither the Plaintiff nor the Plaintiff's Attorney is a medical doctor.

WHEREUPON, this Attorney respectfully ask that this Court deny the Defendant's Motion to Dismiss and place this case on the Court's Administrative docket or suspend proceedings until Plaintiff is released by her Doctor.

Respectfully submitted on this the 14th day of May, 2007.

*/s/ Deborah M.N.*

Deborah M. Nickson

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Response to Defedant's Motion To Dismiss on all counsel of record by placing a copy of the same in the United States Mail, envelope properly address, postage prepaid on this the ___14th___ day of May, 2007.

Anton Hajjar, Esq., & Brenda C. Zwack
O'Donnell, Schwartz & Anderson
1300 L Street, NW, Suite 1200
Washington, DC 2000-4126

William Post Roberts, II
Howell, Sarto, & Howell
147 E. Main Street
Prattville, Alabama 36067

Deborah M. Nickson
Attorney for Plaintiff McBroom



Page 8 of 12

DEBORAH NICKSON ATTORNEY-AT-LAW
Account Number: 334 213-1233 400 0533
Monthly Statement Date: May 2, 2007

**Detailed Statement of Charges (continued)**

**AT&T Long Distance Service Itemized Calls**    **Amount**
334 213-1234
Direct Dialed Calls

| # | Date | Place Called | Number Called | Rate* | Time | Min. | Amount |
|---|------|--------------|---------------|-------|------|------|--------|
| 157. | 04/17 | WASHINGTON DC | 202 898-1707 | GD | 7:25AM | 3 | .00 |
| 158. | 04/17 | WASHINGTON DC | 202 898-9276 | GD | 9:48AM | 1 | .00 |
| 159. | 04/17 | WASHINGTON DC | 202 898-9276 | GD | 9:51AM | 1 | .00 |
| 160. | 04/17 | WASHINGTON DC | 202 682-9276 | GD | 9:55AM | 1 | .00 |

Total Direct Dialed Calls ................................


EXHIBIT

*Summary of Direct Dialed Calls*
334 213-1234                         Minutes        Charges
Total Domestic..................     356.0            .00

Total Charges for 334 213-1234 ..........................     .00

Total AT&T Long Distance Service Itemized Calls .........     .00

* Rate and Tax Codes - Page 12

002908                                                     (continued) ▶



serJet 3015

LASERJET FAX

Apr-17-2007   4:24PM

# Fax Activity Log

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 319 | 4/17/2007 | 8:52:01AM | Send | 112028989276 | 0:00 | 0 | Busy |
| 320 | 4/17/2007 | 8:53:25AM | Send | 112028989276 | 0:00 | 0 | Stop |
| 321 | 4/17/2007 | 8:54:39AM | Send | 12028989276 | 0:00 | 0 | No Answer |
| 322 | 4/17/2007 | 8:57:07AM | Send | 12028989276 | 0:00 | 0 | No Answer |
| 323 | 4/17/2007 | 9:00:51AM | Send | 12026829276 | 0:38 | 2 | OK |

EXHIBIT 2



Page 6 of 12

DEBORAH NICKSON ATTORNEY-AT-LAW
Account Number: 334 213-1233 400 0533
Monthly Statement Date: May 2, 2007

**Detailed Statement of Charges (continued)**

**AT&T Long Distance Service Itemized Calls**    **Amount**

334 213-1233
*Direct Dialed Calls*

| | Date | Place Called | Number Called | Rate* | Time | Min. | |
|---|---|---|---|---|---|---|---|
| 55. | 04/17 | WASHINGTON DC | 202 898-1707 | GD | 12:55PM | 15 | .00 |

Total Direct Dialed Calls .................................................... .00

.00

334 213-1234
*Direct Dialed Calls*

| Date | Place Called | Number Called | Rate* | Time | Min. |
|---|---|---|---|---|---|



* Rate and Tax Codes - Page 12

002908

(continued) ▶