IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA T. MCBROOM, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO.: 2:06-cv-767-MEF-SRW |
| | ) |
| JOHN E. POTTER, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

# **ORDER**

The Court has carefully considered the Motion to Dismiss Without Prejudice Under Rule 37(d) of the Federal Rules of Civil Procedure (Doc. # 63) filed by the American Postal Workers Union and Plaintiff's opposition to that motion. At this time, the Court is not inclined to grant the relief requested by motion to dismiss.[1] The Court is also not inclined to grant Plaintiff's request to indefinitely suspend proceedings in this case until Plaintiff's doctor's "release" her to participate in the litigation.[2]

Plaintiff filed this lawsuit in August of 2006. She was able to represent herself in this action for several months. During that time, she never mentioned any physical or mental ailment that impeded her ability to participate in matters relating to this lawsuit. Only after

---

[1] Nothing in this ruling is intended to preclude the American Postal Workers Union or any other defendant from making a similar motion again in the future if Plaintiff continues to be unable or unwilling to participate in discovery in this case.

[2] This request was made in her response in opposition to the motion to dismiss without prejudice filed by the American Postal Workers Union (Doc. # 75).

Plaintiff obtained counsel, in March of 2007, did the Court begin to hear from Plaintiff's counsel that Plaintiff was not well enough to participate in discovery or to assist her attorney in preparing a response to pending dispositive motions. Nevertheless, Plaintiff's counsel has supplied this Court with letters which purport to be from Plaintiff's treating physician about Plaintiff's physical and mental problems. Based in part on one of these letters, this Court already granted Plaintiff's counsel a sixty-day extension of time for her response in opposition to the pending dispositive motion filed by the American Postal Workers Union.[3] On several occasions since receiving the initial extension of time, Plaintiff's counsel has made additional requests for extensions of time. This Court has denied these requests because they were unreasonable. Despite the Court's denial of her prior requests, Plaintiff persists in requesting a general stay of this proceeding because of her health concerns. It falls to this Court to fashion relief that is equitable to both Plaintiff and the defendants in this action, including American Postal Workers Union. Any relief that this Court fashions must also be fair to the many other litigants with matters pending in this court and consistent with the interests of justice generally.

What has become increasingly clear from the submissions of both Plaintiff and the American Postal Workers Union in this case is that the deadlines imposed by the current Uniform Scheduling Order in place in this case are no longer workable deadlines. The most

---

[3] The other basis for granting the requested extension was the fact that Plaintiff's counsel had just recently been retained and needed time to familiarize herself with the case.

recent letter from Plaintiff's doctor[4] indicates that in his view Plaintiff should not participate in stressful legal proceedings for the next forty-five to sixty days. The Court is willing to give Plaintiff an additional sixty days in which to focus solely on improving her physical and mental condition. This will necessarily mean that the Uniform Scheduling Order in this case will have to be vacated and that other deadlines may need to be altered. Plaintiff and her counsel are cautioned that while the Court is willing at this time to fashion this relief, it will be far more reluctant to fashion similar relief again in the future should Plaintiff's condition fail to improve, even if Plaintiff's doctor again submits similar letters on her behalf.

In light of the foregoing, it is hereby ORDERED as follows:

(1) The Motion to Dismiss Without Prejudice Under Rule 37(d) of the Federal Rules of Civil Procedure (Doc. # 63) filed by the American Postal Workers Union is DENIED.

(2) Plaintiff's renewed request for an indefinite stay of these proceedings contained in Plaintiff's Response to American Postal Worker's Union AFL-CIO's Motion to Dismiss Without Prejudice (Doc. # 75) is DENIED.

(3) The Uniform Scheduling Order (Doc. # 52) entered by this Court on March 22, 2007 is VACATED. A new Uniform Scheduling Order shall be issued. Section 7 of the new Uniform Scheduling Order will specifically address a schedule for discovery which contemplates a sixty day stay of discovery involving Plaintiff's direct participation such as her deposition or written interrogatories, requests for production, and requests for admission

---

[4] This letter is dated April 24, 2007.

directed to Plaintiff. All other discovery from defendants or third-parties may proceed.

(4) The deadlines set by this Court's March 22, 2007 Order (Doc. # 51) are MODIFIED as follows: (a) the deadline for Plaintiff's response in opposition to the pending Motion to Dismiss or, in the Alternative, Motion for Summary Judgment of the American Postal Workers Union AFL-CIO (Doc. # 41) is continued from May 21, 2007 to **June 25, 2007;** and (b) the deadline for the American Postal Workers Union's reply is continued from May 29, 2007 to **July 2, 2007**.

(5) Future requests for extension of time will not be viewed favorably.

DONE this the 15th day of May, 2007.

                                                /s/ Mark E. Fuller  
                                      CHIEF UNITED STATES DISTRICT JUDGE